Donaldson *v.* Walker.

DONALDSON *v.* WALKER.

(*Knoxville.*   September  28,  1898.)

1. CRIMINAL COSTS.  *District Attorneys' fees.*

A District Attorney is entitled to no fee where a misdemeanor case is dismissed by *nolle prosequi,* and the State's costs adjudged against the county.  (*Post, p. 241.*)

Code construed: §§ 6380, 6383 (S.); §§ 5293, 5296 (M. & V.); §§ 4545*a*, 4548 (T. & S.).

Case cited: State *v.* Farris, 4 Lea, 183.

2. SAME.  *Payment suspended by County Judge.*

Where a County Judge has inadvertently or erroneously issued a county warrant for costs of a criminal case illegally taxed and certified against the county, he may, under the Code, without the aid of Acts 1891, Ch. 22, forbid and suspend payment of the warrant in the hands of the original holder, and perhaps in the hands of others, until it can be purged, by retaxation of the costs, of all illegal and unauthorized items.  (*Post, pp. 241–243.*)

Code construed: §§ 672, 673 (S.); §§ 585, 586 (M. & V.); §§ 527, 528 (T. & S.).

Question reserved: Constitutionality of Acts 1891, Ch. 22.

Case cited: Morgan *v.* Pickard, 86 Tenn., 211.

3. SAME.  *Retaxation.*

Retaxation of costs in a criminal case on motion of a County Judge, under § 673, Shannon's Code, is not precluded by the fact that he had inadvertently or erroneously issued a warrant for the same, and he is justified in refusing to pay the warrant until the costs have been retaxed.  (*Post pp. 242, 243.*)

Code construed: § 673 (S.); § 586 (M. & V.); § 528 (T. & S.).

4. SAME.  *Retaxation not barred.*

Retaxation of costs in a criminal case, on motion of the County Judge, as provided by § 673, Shannon's Code, is not barred,

Donaldson *v.* Walker.

though not sought at the first term of the Court after judgment. (*Post, pp. 241–243.*)

Code construed: § 673 (S.); § 586 (M. & V.); § 528 (T. & S.).

5. SAME. *Illegal, stricken out.*

A judgment for costs against the State or county, which is not authorized by statute, is void. Neither the issuance of a warrant nor the certification by the Judge and Attorney-general will preclude retaxation of such costs. (*Post, p. 244.*)

Case cited: Morgan *v.* Pickard, 86 Tenn., 211.

6. MANDAMUS. *Not allowed, when.*

Under mandamus against a County Judge to compel payment of a county warrant which is in part illegal, the Court will not compel the issuance of a new warrant for the amount justly due, while the old one is still retained and outstanding. (*Post, p. 240.*)

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

TREWHITT & STANFIELD for Donaldson.

C. R. EVANS and COOKE, SWANEY & COOKE for Walker.

WILKES, J. These cases are heard together, and involve the same questions. They are actions of mandamus by the plaintiff to enforce the payment of county warrants issued to and held by him for certain costs or fees claimed as District Attorney for the Fourth Judicial Circuit.

Donaldson *v.* Walker.

The plaintiff has been District Attorney of this circuit since September 1, 1894, and the defendant has been County Judge of Hamilton County for the same time. Plaintiff prosecuted persons charged with various offenses, and judgments in his favor were entered, it is claimed, for certain fees arising out of such prosecutions, amounting in the aggregate to the sum of $970. After the judgments were entered in the Circuit Court, the Clerk of that Court made out bills of cost, and they were examined and approved by the Circuit Judge and District Attorney, placed of record, and presented to defendant for payment. He issued his warrant accordingly, but soon after directed the County Trustee not to pay it, and payment was thereupon refused. Mandamus proceedings were thereupon commenced to compel the payment of the warrant. It is admitted by the defendant that $227.50 of the amount included in the warrant is correct, and an offer is made to issue a new warrant for this sum upon return of the old one, which, it is claimed, is incorrect, and contains and embraces improper items as against the county.

Defendant bases his refusal to pay upon the provisions of the Act of the extra session of 1891, Chapter 22 (§ 585, M. & V. Code; Shannon, §§ 672, 673), and claims that, under the provisions of these and other statutes, he had a right to refuse to issue a warrant for costs if he considered it illegal or not properly taxed, until he can move the Circuit or Criminal Court for a retaxation, and that he can

strike out, under the Acts of 1891 (Shannon, § 674), and refuse to pay costs, if he deems them illegal, and that these remedies continue, though he may have issued a warrant recognizing such illegal costs, when done through misapprehension and mistake, inasmuch as such warrants are not negotiable, and that he has a right to interdict the payment of a warrant improperly and inadvertently issued for fees not justly due. He charges that a portion of the fees claimed, and for which warrant has issued, are not justly due the petitioner, and are improperly taxed without warrant of law.

Upon the coming in of the answer of the County Judge, the petitioner moved to make the mandamus peremptory, and, upon the record as thus made up, together with the bills of cost, execution and rule dockets, and judgments of the Court allowing costs, the causes were heard. The Court overruled a motion for a peremptory writ, and dismissed the petition at petitioner's cost, from which action plaintiff has appealed to this Court and assigned errors.

It is said that the bills of cost for which the $970 warrant was drawn included 199 cases at the May term, 1896, which were ignored by the grand jury, and no indictment was found; 98 cases at the same term, in which a *nolle prosequi* was entered after the indictment was found, making a total of 297 cases in which a fee of $2.50 was charged and allowed against the county, aggregating a total of $742.50. As to the remainder, or $227.50, no com-

plaint is made, and for that amount the County Judge expresses willingness to issue warrant upon return and surrender of the original warrant for $970. The answer admittted that $294.50 of the $970 was correct, but this appears to have been a clerical mistake in calculation, and only $227.50 is actually due, according to the County Judge's contention and view of the case.

It is insisted in the assignment of errors that judgment should have been entered at least for the amount conceded to be due. This, we are of opinion, is not error. If the warrant for $970 is not correct, the County Judge should not be required to issue another warrant covering, in part, the same items, so long as the $970 warrant is outstanding and claimed to be valid.

It is said that clauses 1, 2, 3, 4, and 5, of section 7 of the answer of the County Judge should have been stricken out on demurrer or (on the motion for peremptory mandamus, which is its equivalent) because they state conclusions of law, and attempt to collaterally attack judgments of the Court unappealed from, and because subsec. 4 is not borne out by the remainder of the record. We think this assignment is not well made. The clauses referred to state facts as well as conclusions of law thereon, and, upon demurrer, should be treated as true. So far as they are contradicted by the record, we must presume the Court was not influenced thereby. The whole of the matters set up in this

Donaldson *v.* Walker.

assignment are fully covered by other assignments and disposed of therein.

It is said the Court erred in holding that the District Attorney is not entitled to fees in cases when a *nolle prosequi* is entered. It is said that his right to such fees is clearly fixed by statute, and we are referred to Shannon, §§ 7157, 7619, and to the decision of this Court in *State* v. *Farris*, 4 Lea, 183.

We are of opinion this matter of District Attorneys' fees is governed and set at rest, so far as the county is concerned, by § 6380, Shannon's compilation, which is as follows: "In all cases of misdemeanor where a *nolle prosequi* is entered and cause stricken from the docket, and the county is taxed with the cost, no fee shall be taxed or allowed the Attorney-general." Also § 6383: "No cost or tax fee is allowed the Attorney-general when a bill of indictment is ignored by the grand jury or the prosecution fails by reason of any defect in the pleadings."

It is said that application to retax the costs should have been made at the first term of the Court, and it is too late now to ask for a retaxation, inasmuch as the judgments for costs were not appealed from, and the warrant has been issued for them, and is now in the hands of the plaintiff.

The provisions of the statutes relating to this matter are §§ 672 and 673, Shannon's compilation, and are in the following words and figures:

17 P—16

"SEC. 672. No warrant shall be drawn for costs against a county unless the same has been regularly taxed by the Clerk, examined by the District Attorney and presiding Judge of the Court in which the costs accrued, and by them certified, under the seal of the Court, to be correctly taxed and lawfully chargeable upon the county.

"SEC. 673. If the Judge or Chairman of the County Court, when a bill of cost thus authenticated is presented to him, and his warrant for the same demanded, conceives that said cost, or any part of it, is not lawfully chargeable to the County, he may defer the issuance of his warrant till he can move the Court for a correction of the taxation."

We need not consider nor pass upon the provisions of Sec. 674, which is the Act of 1891, Ch. 22, Sec. 5, the validity of which is questioned, as the matters involved may be determined without regard to that Act. The provisions of §§ 672 and 673, providing for a retaxation of costs, are not limited as to the time when such retaxation may be had. It is, of course, the policy of the law and the proper practice for the County Judge to make an examination as soon as may be of all bills of costs against the county and to promptly move for a retaxation as soon as he discovers any errors and opportunity offers. It is also evident he should do so before he issues his warrant for the costs, but the statutes have interposed no time limit which should defeat a revision, and this Court would not be dis-

Donaldson *v.* Walker.

posed to fix one. Nor would the issuance of a warrant inadvertently or erroneously, preclude and estop the County Judge, as financial agent of the County, from denying and forbidding its payment in the hands of the party to whom it is issued, or perhaps others (as it is not negotiable paper), until it could be purged of its illegal and unauthorized items.

Again, it is said the action of the trial Judge and District Attorney in examining and certifying costs, has the force and effect of a judgment of the Circuit Court, and, if unappealed from, cannot be collaterally attacked in such proceeding as this. The Court below was of opinion that if these certifications should be treated as judgments, still they would be void because they show upon their face that they embrace items not allowed by law. The statute provides (Shannon, § 6352), "that no officer is allowed to demand or receive fees or other compensation for any service further than is expressly provided by law." And again (§ 7583): "Officers are entitled to no other fees in criminal cases except such as are expressly provided by law, and in no case are they entitled to payment from the State or county unless expressly allowed."

The whole system shows that the Legislature intended to throw double safeguards around the State and county treasuries, by providing that bills of cost against the State and county should be made out so as to show the specific items; that they

should be examined, entered of record, and certified to be correct by the Court or Judge before whom the cause was tried or disposed of, and also by the District Attorney, and they are given full power, and it is made their duty, to examine into, inspect, and audit all bills of cost accruing against the State or county, and disallow any part or all of said bills of cost that may be illegally or wrongfully taxed against the State or county. Shannon, § 7593. When this has been done, still, if the County Judge deem that any items are improperly taxed and embraced in the bill of costs, he may bring the matter before the trial Judge and ask for a retaxation of costs and the cutting out of all illegal and unauthorized items. Neither the issuance of a warrant nor the certification by the Judge and Attorney-general would preclude this retaxation of cost. A judgment for costs against the State or county which is not authorized by statute is void, and the County Judge cannot legally pay a void judgment. *Morgan* v. *Pickard*, 2 Pickle, 211.

The trial Judge denied the prayer for the writ of mandamus, and in doing so we think there was no error, as petitioner does not show a right to this extraordinary writ, and we affirm the judgment of the Court below and dismiss the petition at the cost of relator and his surety.