STATE, *ex rel.* R. A. HURT, *v.* A. M. ALEXANDER *et al.*

## (*Jackson.*  April Term, 1905.)

1. **JUDGMENTS.** Against State and county for costs in tax suits are not invalidated by what.

    Judgment in a tax suit for costs against the State and county is not invalid because of its failure to recite that it was pronounced in favor of the clerk and master, or because of its omission to specify in detail the items of costs and their apportionment between the State and county, or because it awarded an execution against the county. (*Post, pp.* 163, 164.)

    Case cited and approved: Gillet v. Roadman, 5 Hum., 44.

2. **COSTS.** Adjudged against county in tax suits are not required to be certified by district attorney and presiding judge.

    Statutes requiring the certification of costs against a county by the district attorney and presiding judge as prerequisite to their payment apply to the certification of costs in criminal cases, and not to costs adjudged against a county in a tax suit. (*Post, pp.* 164, 165.)

    Code cited and construed: Sec. 672 (S.).

    Acts cited and construed: 1897, ch. 29, sec. 1.

    Cases cited and approved: State v. Wilbur, 101 Tenn., 211; Henderson v. Walker, 101 Tenn., 229; Donaldson v. Walker, 101 Tenn., 242.

3. **SAME.** County's previous appropriation for and payment of costs in tax suits is not available against subsequently adjudged and taxed costs, when.

    Where certain costs were adjudged and taxed against a county more than a year after an appropriation had been made by the county court to the relator for costs in tax suits, such appropriation and payment is no defense by the county against a mandamus suit to compel the issuance of a warrant and payment for such adjudged and taxed costs. (*Post, pp.* 165, 166.)

State, ex rel., v. Alexander.

4.  **SAME. Same. Plea of set-off that is too vague and uncertain to present an issue of fact.**

In a mandamus suit to compel the payment of costs adjudged and taxed against a county in a tax suit, an averment that prior to said judgment a certain amount was appropriated by the county court and paid to the relator for similar claims for costs in tax suits involving double assessments, for which the county was not liable, alleged as a claim of equitable set-off, is too vague and uncertain to present an issue of fact, because there is no specification showing wherein said costs where illegal, or on what tracts of land, or in what amount they were paid. (*Post, pp.* 165-167.)

5.  **MANDAMUS. Presumption in favor of petition, where the return fails to answer the important facts.**

Whenever it appears in a mandamus suit that the return fails to answer the important facts alleged in the petition, every intendment and presumption will be made against it. (*Post, p.* 167.)

6.  **SAME. Allegations neither denied nor confessed and avoided are taken as true.**

In a mandamus suit, allegations in the petition, which are neither denied nor confessed and avoided in the return, will be taken as true. (*Post, p.* 167.)

7.  **SAME. Motion for peremptory writ is equivalent to a demurrer to the return.**

In a mandamus suit, a motion for a peremptory writ on the pleadings is equivalent to a demurrer to the return for not stating facts sufficient to constitute a defense. (*Post, p.* 167.)

Cases cited and approved: State, ex rel., v. Marks, 6 Lea, 12; Harris v. State, 96 Tenn., 496.

8.  **COSTS. Fee for taxing costs in tax suits when suit is dismissed as to one defendant for double assessment.**

Statute requiring not less than twenty-five defendants in tax suits, and providing for the apportionment of costs among all

State, ex rel., v. Alexander.

the defendants, applies only where final degrees might be rendered for the sale of the land for the taxes, and not to a case where a judgment was denied because of double assessment, and in the latter case the clerk is entitled to fifty cents for taxing the bill of costs. (*Post, pp.* 167, 168.)

9. **SAME.** Statute making tax assessor liable for costs on account of double assessment does not apply to assessments previous to its enactment.

The statute (Acts 1891, ex. ses., ch. 26, sec. 18), providing that, when a bill to collect taxes shall be dismissed on account of double assessment, the tax assessor shall be liable for all the costs in the case, is not applicable to assessments made previous to its enactment. (*Post, pp.* 168, 169.)

Acts cited and construed: 1891 (ex. ses.) ch. 26, sec. 18.

10. **SAME.** Same. Remedy against tax assessor for costs on account of double assessment is not exclusive; and county is liable, when.

The statute giving a remedy against the tax assessor for costs, where the bill is dismissed on account of double assessment, does not provide an exclusive remedy in favor of the officer for their costs, nor relieve the county from liability. (*Post, pp.* 168, 169, 170.)

Acts cited and construed: 1891 (ex. ses.), ch. 26, sec. 18.

11. **SAME.** Statute exempting State, county, or city from costs in tax suits does not apply to dismissal for double assessment, when.

Statute (Acts 1901, ch. 174, sec. 78), providing that for failure to prosecute tax suits to final determination, no costs shall be paid by State, county, or municipality, and that all costs shall be paid only from a sale or collection, does not apply to a case where the suit is dismissed on account of double assessment. (*Post, pp.* 170, 171.)

Acts cited and construed: 1901, ch. 174, sec. 78.

State, ex rel., v. Alexander.

**12. SAME.   Same.   Provision applies to delinquent taxes for 1894 and 1895 only.**

Moreover, the provision in the foregoing headnote is limited to back tax attorneys appointed under Acts 1895, and relates entirely "to the delinquent taxes in said back tax attorney's office" and they had control of the delinquent taxes for the years 1894 and 1895 only.   (*Post, pp.* 170, 171.)

Acts cited and construed:   1895, ch. 120, sec. 80;   1901, ch. 174, secs. 75 and 78.

---

FROM MADISON.

---

Appeal from the Chancery Court of Madison County. —A. G. HAWKINS, Chancellor.

ROBERT W. HAYNES and GEO. W. PETERS, for complainants.

J. W. TROUTT, for defendants.

---

MR. JUSTICE M'ALISTER delivered the opinion of the Court.

The relator, R. A. Hurt, filed this petition for a writ of mandamus to compel the chairman of the county court of Madison county to issue his warrant upon the county trustee of said county for the payment of a bill of costs alleged to be due petitioner.   The bill of costs,

amounting to $1.51, accrued in a certain proceeding filed on behalf of the State and county of Madison in the year 1892 against E. W. Campbell, Vincent Exum, et al., for the collection of certain delinquent taxes which were assessed for the year 1890. There were twenty-five defendants to the bill, and as many separate tracts of land against which tax liens were sought to be enforced. On the 15th of August, 1901, the suit as to Vincent Exum was dismissed, because it appeared there had been a double assessment of his property. Accordingly the following decree was entered, namely:

"In this case it appears that there is a double assessment of the property described in the bill in the name of Vincent Exum, the same having been assessed to and paid in the name of W. A. Taylor. It is so ordered and decreed, and the cause as to the said Vincent Exum is dismissed at the complainant's cost. The portion to be paid by the State will be certified to the proper officer for inspection and allowance, and for the portion to be paid by the county execution may issue."

The county's portion of this bill of costs amounts to $1.51, for the collection of which these proceedings were commenced.

The relief asked is: (1) An alternative writ of mandamus against A. M. Alexander, chairman of the county court, to compel him to issue his warrant upon the county trustee for the payment of said bill of costs; or (2) for an alternative writ of mandamus commanding the justices of said county of Madison to forth-

with levy and cause to be collected a special tax for that purpose.

Alternative writs of mandamus were accordingly issued upon the fiat of Chancellor Hawkins.

The Chairman and justices of the county court of Madison county made answer and return to said alternative writs of mandamus, in which it was denied (1) that R. A. Hurt had obtained a decree in his favor in the chancery court against the State or the county of Madison, and defendants denied that either the State of Tennessee or the county of Madison was indebted to R. A. Hurt, clerk and master, in any amount. (2) It is averred that there is no statute in the State of Tennessee onerating defendants with the payment of such costs, but the law provides that such costs are collectible only out of the proceeds of the sale of the land for such delinquent taxes. It was further insisted that under the Acts of 1895 the county assessor or his deputy was required to pay all costs that might accrue on account of double assessments, and hence it is claimed that the relator should have pursued his remedy against the tax assessor. (3) It is further averred there was no statute of this State that authorized the chancery court of Madison county to render a decree for costs in the said cause against the State of Tennessee and the county of Madison, and that such decree is null and void. (4) It is averred that the relator, R. A. Hurt, in 1900 appeared before the quarterly court and asked an appro-

priation for the payment of costs due him in back tax
cases on account of double assessments, etc., including
the present case, and that an appropriation amounting
to $1,944.81 was accordingly made for his benefit and
was by warrant paid to him.

It is further averred that prior to this time the county
had made a similar appropriation to said Hurt for costs
in back tax cases on account of double assessments. It
is insisted that the county was not liable in any of
those cases, and that it is not now indebted to the said
Hurt in any amount.

Defendants called for a jury to try the issues of fact
tendered. Defendants, after filing their answers, moved
to dismiss the petition and alternative writ of man-
damus, which motion was by the court overruled. There-
upon the relator moved for the issuance of a peremptory
writ of mandamus on the petition and answer of the
defendants, which motion was by the court sustained.
The defendants excepted to the ruling of the court and
have prosecuted the present appeal.

The first assignment of error is that the decree upon
which the relator relies for the collection of his costs
is void for uncertainty, in that (1) "it does not say when
it was rendered," (2) "or for what amount of costs it
was rendered," (3) "it does not say what part of the
costs the State would pay, what part of the costs the
county would pay," (4) "it nowhere states in what the
costs of that case consisted, nor to whom it should be
paid," and for these reasons the decree should be ad-

judged void, the petition dismissed, and the alternative writ of mandamus quashed.

It is conceded by counsel for the relator that said decree is inoperative, so far as it awards an execution against the county, for the reason the statute provides another remedy for the payment of decrees against the county and the property of the county cannot be levied upon by execution for the collection of a debt. But we agree with counsel in his contention that the awarding of an execution does not invalidate the decree, if it is otherwise correct; nor do we think the other objections urged against the decree, based on its failure to recite that it was pronounced in favor of the clerk and master and its omission to specify in detail the items of cost and their apportionment between the State and county, vitiate the decree. The court is not required to embody in its decree the particular items of cost awarded to clerks, officers, and witnesses, and no such practice has ever prevailed in this State. But the uniform rule is to pronounce a general judgment in favor of one or the other of the litigants and to leave their taxation to the clerk. This practice is recognized in *Gillet* v. *Roadman,* 5 Humph., 44, wherein it is said as follows, viz.:

"It is true, the amount of the costs was not ascertained before the judgment was rendered, and by the court stated and set out in the judgment; nor has this ever been the practice in this State. A judgment is rendered for costs generally, which is a recovery of all costs that have by law accrued. True, the taxation of costs

is under the supervision of the court, and there is not by judgment a recovery of any item of costs that has not been legally taxed. But, when the costs are legally taxed and the amounts ascertained, the judgment for costs is a judgment for that amount."

It may be observed, moreover, that an ample remedy is provided by our statutes for the retaxation of costs when the clerk has committed error or exceeded his authority.

The second assignment of error is that these costs are not collectible, for the reason they are not certified by the chancellor and attorney-general in accordance with the provisions of the statute, viz.:

"No warrant shall be drawn for costs against a county unless the same has been regularly taxed by the clerk, examined by the district attorney and presiding judge of the court in which the costs accrued and by them certified under the seal of the court to be correctly taxed and lawfully chargeable upon the county." Shannon's Code, sec. 672.

"In making said certificate the judge and attorney-general shall certify the aggregate amount of each bill of costs, writing said aggregate amount in both words and figures, and no bill of costs shall be paid unless so certified." Acts 1897, p. 155, c. 29, sec. 1.

We think these statutes are wholly inapplicable in the present instance, since they refer to the certification of costs in criminal cases accruing in courts not only provided with a judge but an attorney-general. We do

not recall any case in which this question was expressly decided, but the uniform practice and application of the statute has related to criminal cases.   Such practical construction is obviously correct. *Donaldson* v. *Walker,* 101 Tenn., 242, 47 S. W., 417; *Henderson* v. *Walker,* 101 Tenn., 229, 47 S. W., 430; *State* v. *Wilbur,* 101 Tenn., 211, 47 S. W., 411.

The third and fourth assignment of error raise cognate questions and may be considered together.   The substance of these assignments is that the chancellor erred in awarding a peremptory writ of mandamus on the pleadings without hearing proof on the material issues of fact tendered by the answer.

(1) It is averred generally in the answer that the defendants are not indebted to the relator, Hurt, in any amount.

(2) It is averred that R. A. Hurt, or R. A. Hurt, clerk and master, as respondents believe and expect to prove, has received his full legal costs in the case of *State of Tennessee et al.* v. *E. W. Campbell et al.,* and that there is nothing due in that cause or on account of that cause.

(3) It is averred that the relator, Hurt, in 1900, appeared before the county court and asked that court to make an appropriation to him on account of back taxes in cases of double assessment, including the present case, and the county court did appropriate to him a warrant for $1,944.81.

(4) It is averred that before the time last mentioned

a large amount was appropriated by the county court on similar claims for the payment of costs in back tax cases on account of double assessments, and the amount so paid the relator, Hurt, was a full satisfaction of his costs in the present case.

It will be observed that the first and second paragraphs herein contain a general denial of any indebtedness on the part of the defendants to the relator on account of the costs in question, while the third and fourth paragraphs contain specific statements showing how those costs had been satisfied. It will be observed that the appropriation of $1,944.81 alleged to have been made by the county court for the benefit of the relator, Hurt, was made in 1900, while the costs now sought to be collected accrued in the case of *State et al.* v. *Campbell,* which was not determined until August 15, 1901. It appears, moreover, that there were twenty-five defendants to the Campbell bill, and as many separate and distinct tracts of land were involved. It may be true that the costs as to some of these defendants accrued prior to the alleged appropriation by the county court, and may have been embraced within that appropriation; but the specific costs now sought to be collected accrued over a year after said appropriation was made and on account of a double assessment of the property of the defendant Exum.

As respects the averment that prior to 1900 a large amount had been appropriated by the county court for the benefit of the relator in payment of similar claims

for costs on account of double assessment for which the county was not liable, it is suggested that such illegal payment of costs may be now interposed against the collection of the present case, as an equitable set-off; but it will be perceived there is no specification showing wherein said costs were illegal, or on what tracts of land they were collected, or in what amount they were paid, so that, if such a matter could be set off in a proceeding of this character, the averments of the answer respecting the alleged set-off are too vague and uncertain to present an issue of fact for the settlement of the court.

These averments of the answer were intended as a plea of payment, but the specifications showing the payment are wholly insufficient to support the plea.

The following propositions of law are settled:

(1) Whenever it appears that "the return fails to answer the important facts alleged in the petition, every intendment and presumption will be made against it."

(2) That "allegations not denied, nor confessed and avoided, are taken to be true."

(3) That, "if the relator moves for a peremptory writ upon the pleadings, this motion is equivalent to a demurrer to the return for not stating facts sufficient to constitute a defense." *State, ex rel.,* v. *Marks,* 6 Lea, 12; *Harris* v. *State,* 96 Tenn., 496, 34 S. W., 1017.

The fifth assignment of error is that in no event is the relator entitled to collect fifty cents for taxing costs, since that fee is incident to the taxation of the whole

costs as to all of the defendants, and that therefore, the clerk would not be entitled to collect fifty cents on the dismissal of the bill as to only one defendant.

This assignment of error is not well taken. The object of the statute in requiring not less that twenty-five defendants was to prevent an unnecessary accumulation of costs and to provide for their apportionment among all the defendants; but this disposition of costs would only apply in cases where final decree might be rendered for the sale of the land, and not, as in this case, to double assessments.

The sixth assignment of error is the chancellor should have decreed that the remedy of the relator for costs that accrued in this case of double assessment was against the assessor. This assignment is based on section 18, c. 26, p. 86, Acts 1891, Ex. Sess., as follows:

"When the bill is dismissed on account of double assessment the assessor shall be liable for and shall pay all the costs in the case, as though he owned the property, and to this end he may be made a party to the suit by giving him five days notice and by serving same as other notices are served."

It is insisted this is the exclusive remedy provided by law for the collection of costs that have accrued in double assessment cases, and that the relator should have pursued his remedy against the tax assessor in accordance with the provisions of the statutes just cited.

It is further averred that this statute is applicable in the present instance; for, although the bill was not

State, ex rel., v. Alexander.

filed until 1892, its purpose was the collection of State and county taxes assessed for the year 1890.

But it must be further remembered that the assessments involved herein were made for the year 1890, while the act declaring the assessor liable for all costs where the bill is dismissed on account of a double assessment was not passed until the year 1891, more than a year after the assessment had already been made. It cannot be supposed that the legislature intended to penalize an act performed by the assessor more than a year before, when at the time there was no punishment or liability affixed to that act. So that it is clear the act of 1891 adjudging the assessor liable for all costs in cases of double assessments has no application to assessments made for the year 1890. But it must be confined to assessments thereafter made. Moreover, we do not concur with counsel in their position that the remedy provided by the act of 1891 against the assessor is an exclusive remedy, and that the assessor can alone be looked to for the payment of all costs growing out of a double assessment. It might transpire that the assessor and his bondsmen were wholly insolvent, and in such cases under the construction of the act now contended for, those entitled to costs would be remediless.

Moreover, the relator herein was not the back tax attorney at the time the bill against Campbell et al. was filed, and it was no part of his duty to make the tax assessor a party to that proceeding and proceed against that officer for the former's cost.

The object of that act was to provide an indemnity to the State and county for costs that might be incurred on account of the negligence and carelessness of the assessor in making erroneous and double assessments. But it was not intended in the first instance to provide an exclusive remedy for the clerk and other officers for the collection of their costs in such cases.

The seventh assignment is that the allowance of said bill of costs by the chancellor was in direct contravention of section 78, c. 174, p. 371, of the Acts of 1901, which provides as follows, viz.:

"Provided, that no fees shall be allowed to former attorneys or agents who have failed to prosecute suits to a final determination under former acts, and in no event shall the State, county, or municipality be liable for this or any other fee to said agent or attorney, nor for any court costs, and such costs shall be paid only from a sale or collections to each tract or parcel of land."

The court is of opinion that this proviso in the act of 1901 has no application to the present case, since this is a case of double assessment, and not a case where the suit has been prosecuted to a final decree. Manifestly the object of the legislature in adopting this proviso was to relieve the State, county, and municipality from the payment of any fees to attorneys or agents, or any court costs, and to provide for their payment exclusively from the proceeds of the sale of the tracts or parcels of land involved. As already seen, this is a case of double assessment, wherein the bill was dismissed,

and there could be no prosecution of such a case for the collection of costs and fees.

Moreover, it appears that the act of 1901 is limited by its terms to back tax attorneys appointed under the act of 1895, and relates entirely "to the delinquent taxes in said back tax attorney's office." The back tax attorney appointed under the act of 1895 only had control of the taxes for the years 1894 and 1895. Section 75, c. 174, p. 369, of said act of 1901 provides as follows:

"That within thirty days after the passage of this act the back tax attorneys appointed under section 80, chapter 120, of Acts of 1895, and that have not already been turned over under the assessment act of 1899, shall, except as hereinafter provided, turn over and deliver to the county trustee all books, papers and documents whatsoever," etc., "in their hands relating to the delinquent taxes in said back tax attorney's office to the end," etc.

In our opinion the proviso to section 78, c. 174, p. 371, Acts 1901, is limited to costs accruing under the bills filed by the back tax attorney under the act of 1895, and as to such costs shall only be paid from the sale of the land. We are of opinion, therefore, the relator is entitled to the relief asked, and the decree of the chancellor is affirmed.