STATE OF TENNESSEE *v.* T. W. KILLOUGH, *et al.**

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.

1. INHERITANCE TAX. APPRAISALS. EXCEPTIONS. AP-
PEAL.

Neither the County Court nor the Circuit Court has jurisdiction to
review the action of the County Court Clerk in refusing to ap-
point appraisers under Inheritance Tax Statutes. (Post, p. 133.)

Citing: Sec. 2, chapter 46, Acts of 1919.

2. INHERITANCE TAX. APPRAISAL. FILING OF.

The tentative action of the County Court Clerk in mailing to an
administrator for his approval what purports to be the Clerk's
appraisal of the estate is not an appraisal for the purpose of
assessment. (Post, p. 134.)

Citing: Sec. 5, chapter 46, Acts of 1919.

3. INHERITANCE TAX. CLERK'S APPRAISAL. EXCEPTIONS.
APPRAISERS.

Exceptions filed within sixty days of the time of the appraisal by
the Clerk (1) because both real and personal property of the
estate were appraised below their market value; and (2) be-
cause the deductions for indebtedness were not accurate are
sufficient to require the appointment of appraisers under the Act.
(Post, p. 135.)

4. INHERITANCE TAX. APPRAISAL. EXCEPTIONS. AP-
POINTMENT OF APPRAISER. MANDAMUS.

It being the duty of the Clerk, upon exceptions by the State being
filed, to proceed in obedience to the statute to appoint appraisers,
a mandamus will lie upon his refusal to act. (Post, p. 136.)

Citing: State v. Andrews, 131 Tenn. (4 Thomp.), 554; High on Ex-
traordinary Remedies (3d Ed.), p. 39.

5. INHERITANCE TAX. ADMINISTRATOR. CLERK. ES-
TOPPEL.

The defense of estoppel is not available to an administrator where
it appears that he joined with the Clerk to aid in resistance of the

payment of inheritance tax and where the consequent delay arises out of such resistance. (Post, p. 136.)

6. MANDAMUS. PLEADING. DEMURRER. MOTION.
A motion for peremptory writ of mandamus based upon the pleadings is equivalent to a demurrer to the return, and raises a question of law upon the facts presented. (Post, p. 136.)
Citing: State ex rel. v. Alexander, 115 Tenn. (7 Cates), 156.

---

*Headnotes 1. Taxation, 37 Cyc., p. 1578 (Anno); 2. Taxation, 37 Cyc., p. 1579 (Anno); 3. Taxation, 37 Cyc., p. 1579 (Anno); 4. Mandamus, 38 C. J., section 109 (Anno); 5. Mandamus, 38 C. J., section 69; 6. Equity, 21 C. J., section 240; 7. Mandamus, 38 C. J., section 627.

---

### FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —HON. W. B. GARVIN, Judge.

SIZER, CHAMBLISS & SIZER, for complainant.

THOMAS, THOMAS & DARWIN, and T. W. STANFIELD, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The Commissioner of Finance and Taxation charged by law (subsec. 2, Sec. 19, Ch. 7, Acts 1923), with the duty of assessing and collecting the collateral inheritance tax, seeks by mandamus to require the Clerk of the Hamilton County Court to appoint a Board of Appraisers to ascertain the taxable value of the estate of C. E. James, under the provisions of Section 2, Chapter 46, Acts of 1919.

The County Court Clerk, joined by the administrator of the estate, returned the alternative writ of mandamus by an answer, accompanied by exhibits, from which facts

appear to-wit: C. E. James died in October, 1925, leaving an estate subject to assessment for the inheritance tax in Hamilton County. January 28, 1926, the County Court Clerk made a tentative appraisal of the estate, which was submitted with the amount of the tax to the administrator. Formal appraisement of the estate was made March 31, 1926, a record of it entered, and a report sent to the administrator who made no exceptions. No notice was given the Commissioner of Finance and Taxation or any other State official, of any steps in the proceeding until April 1, 1926, when, the answer of the Clerk, recites, he reported said appraisal and amount of the inheritance tax ascertained to relator.

Within sixty days after the Clerk's appraisement and the report of April 1, to-wit: May 11, 1926, the Commissioner of Finance and Taxation through T. B. Caldwell, Attorney for the Department, filed written exceptions on behalf of the State to the appraisal, and assessment of the estate by the Clerk in substance is as follows:

(1)   Because both real and personal property of the estate included in the list of items were appraised below their market value.   (2)   Because the deductions for indebtedness were not accurate.   Thereupon the administrator appeared before the Clerk and moved to strike the State's exceptions to the Clerk's appraisal on the ground that they were too general and indefinite, and because filed too late.   That is, not within sixty days of the appraisement and after payment of the tax.

*(1)*   The question as to the sufficiency of the State's exceptions passed, for review to the County Judge and on appeal to the Circuit Court.   Both tribunals were without jurisdiction to review the action of the Clerk in refusing to appoint the Board of Appraisers.   The pro-

ceeding was abandoned in the Circuit Court by the State December 29, 1926.

In the meantime on May 31, 1926, while the foregoing proceeding was pending, the administrator paid the tax of $6,720.50 upon the Clerk's appraisal of $263,183.22 into the office of the County Court Clerk.

On June 11, 1927, the administrator submitted his final settlement in the County Court and an order was entered formally discharging him. June 13, 1927, this proceeding was commenced to compel the County Court Clerk to appoint a Board of Appraisers as required by Section 5, Chapter 46, Acts of 1919.

The administrator, in addition to the defense that the exceptions were too indefinite and the notice not timely, resists the application of the State to compel the Clerk to observe the Act upon the ground that the laches and delay attending the State's abortive appeal estops it from urging a new appraisement and assessment, because within the period covered by the appeal to the Circuit Court, the estate was fully administered, all the assets distributed and an order entered in the County Court discharging the administrator from the obligations of his trust.

(2) The State filed the exceptions to the Clerk's appraisement within sixty days after it was made by him. The tentative action by the Clerk, mailed to the administrator for approval January 28, 1926, was not an appraisement for purposes of assessment as appears from the affidavit of Margaret Orrell, Deputy County Court Clerk, charged with the duty of appraising estates subject to the inheritance tax. She states in this affidavit, made part of the answer accompanying the return of the alternative writ, that she did not finally appraise the estate until March 31, 1926, and that the Commissioner of Finance and Taxation was not notified of the appraise-

ment until April 1, 1926. The exceptions were filed within sixty days of March 31st.

The Act provides:

"The action of the county court clerk in appraising the property and determining the tax aforesaid, in any case, shall be final unless within sixty days thereafter the executor, administrator or trustee, or any person beneficially interested in the estate, or the comptroller of the treasury, or any revenue agent of the State, as they may do, shall file exceptions thereto, which exceptions shall point out specifically the grounds of any objections to the same."

(3) The exceptions filed by the State sufficiently point out the grounds of objection to the appraisement to be that the valuation of items in the list of both real and personal property is less than their market value, and that inaccurate deductions were allowed for indebtedness. The Act does not require a more specific statement. To go further would require investigation sufficient to indicate with precision the disparity between the market value of each item and the Clerk's appraisal of each item. The language of the Act which authorizes the administrator, a beneficiary of the State, to file exceptions to the Clerk's valuation and to demand a Board of Appraisers, indicates no purpose to impose such a burden upon any dissatisfied party. When either party files written exceptions pointing out specifically the ground of objection to the Clerk's valuation, he at the same time is authorized to appoint a person to act as appraiser for him. Upon notice to the opposite party and within ten days thereof, the opposite party may designate an appraiser to act for him. These two in conjunction with the Clerk, constitute the Board of Appraisers. The Act thus provides for a review of the Clerk's action, at

the instance of any dissatisfied party by a Board of Appraisers constituted as above shown. The State was not satisfied with the Clerk's appraisement and before it became final under the Statute, filed written exceptions and designated a person to act as appraiser. As stated, the subsequent delay was brought about by the refusal of the Clerk to observe the Statute, aided by the action of the administrator in the attempt to prevent the appointment of a Board of Appraisers, under the Statute.

(4) It was the duty of the Clerk upon exceptions by the State to proceed in obedience to the Statute. Upon his refusal to act, mandamus would lie. It is the remedy through which a recalcitrant public officer, charged by law with a duty, may be compelled to perform it. High on Extraordinary Legal Remedies (3 Ed.), 39; *State* v. *Andrews*, 131 Tenn., 554.

(5) The facts do not sustain the administrator's defense of estoppel. The administrator joined the Clerk to aid him in resisting observance of the Statute, and the consequent delay arises out of such resistance.

(6) The motion for the peremptory writ, based upon the pleadings is equivalent to a demurrer to the return, and raises a question of law upon the facts presented. *State ex rel.* v. *Alexander*, 115 Tenn., 156. The return of the Clerk supplemented by that of the administrator presents no defense.

Affirmed. The cause is remanded for enforcement of the Chancellor's decree.