STATE *ex rel.* PARK v. BEASLEY, MAYOR, *et al.*

(*Nashville,* December Term, 1944.)

Opinion filed June 9, 1945.

Robt. H. Polk, of Franklin, and Walker & Hooker and Tyree B. Harris, III, all of Nashville, for relator.

T. P. Henderson and Frank Gray, Jr., both of Franklin, for defendant Beasley et al., appellants here.

Mr. Justice Gailor delivered the opinion of the Court.

Relator filed her bill for *mandamus* to compel the respondents, as Mayor and Aldermen of the Town of Franklin, to issue the certificate provided in section 8 of Chapter 49 of the Public Acts of 1939, which Act regulates the retail sale of intoxicating liquors. Upon

the filing of the bill the chancellor issued an alternative writ of *mandamus* by which defendants were required either (1) "to sign and issue to petitioner a certificate of good moral character as is required by the express provisions of Chapter 49 of the Public Acts of 1939, and in the words of said section 8," or (2) in the alternative to appear at the courthouse in Franklin and show cause why they have not complied. Defendants attempted to show cause by reciting the passage (*pendente lite*) of an ordinance by which applicants for a liquor license were required to make a deposit of $100 with their applications, and they recited that complying with said ordinance, relator had made the deposit and filed a second application. They alleged the effect of this to be the abandonment of the first application, which was on file when suit was instituted, and upon which the prayers of the bill were predicated. Defendants averred that they were then seriously investigating and considering relator's second application but had not reached a decision. They further averred that relator was estopped by reason of her compliance with the ordinance, after the filing of the bill, from raising the questions set out therein, since she had abandoned the original application by filing a second one.

On motion this return by the defendants was stricken. Thereupon the defendants filed a sworn answer by which they admitted that it was their duty "in proper cases" to issue the certificate provided for in section 8 of Chapter 49 of the Public Acts of 1939, and admitted that they had refused to issue the certificate to the relator, but denied that such refusal was arbitrary, and averred that it was a matter of their official discretion and denied that the refusal was an abuse of such discretion. They then recited a number of reasons—personal habits of peti-

tioner and her past violations of regulations and law—upon which their exercise of discretion was based.

No denial of the charges so made was attempted by relator, whose counsel, immediately after the answer was read in court, moved to strike the answer as insufficient, and further moved for the immediate issuance of the peremptory writ of *mandamus*. A motion for peremptory writ of *mandamus* after filing of answer is an admission of all well pleaded facts and is equivalent to a demurrer to the return for not stating facts constituting a defense. *State* v. *Killough*, 156 Tenn. 131, 136, 299 S. W. 805; *State* v. *Alexander*, 115 Tenn. 156, 167, 90 S. W. 20; *Harris* v. *State*, 96 Tenn. 496, 513, 34 S. W. 1017. These motions were granted by the chancellor and from his action the defendants have appealed.

The only method of review provided by Chapter 49 of the Public Acts of 1929 is by *mandamus*. Provision for review is exclusively a legislative function. The legislature might have omitted entirely a provision for review and made a finding by the city authorities final and conclusive. Had such been the language of the statute, review of arbitrary action or inaction, would then have been by *certiorari* under general law.

However, *mandamus* is provided by the act and whether it is the exclusive remedy available to relator, is not before us. She chose to pursue the method of review provided by the statute, and her rights in this litigation are limited to the relief which the limited scope of a writ of *mandamus* affords.

Relator sought an order from the chancellor to compel the Mayor and Aldermen of Franklin to discharge an official function which necessitated an exercise of official discretion. Some confusion has resulted from the use of the words "certificate of good moral char-

acter" in pleadings and briefs, as if the good moral character of the applicant was the extent of the certificate. Clearly the certificate is not so limited. The gist of it is, that the applicant is of good moral character and personally known to the mayor and aldermen, or if not personally known, that the officials have made investigation and from that investigation believe the applicant of good moral character, that in the opinion of the officials the applicant will refrain from violations of the liquor law, and that in the opinion of the officials, the applicant is entitled to the license applied for. Clearly, the legislative aim was for a certificate of the approval of the local authority as a condition precedent to the issue of the license by the state commissioner. That such certificate is based on investigation, knowledge and decision, and so is an exercise of official discretion, is too clear for argument. With regard to a similar function performed by statutory boards to license the sale of beer, this Court has repeatedly so held. *State ex rel. Saperstein* v. *Bass,* 177 Tenn. 609, 617, 152 S. W. (2d) 236; *Wright* v. *State,* 171 Tenn. 628, 639, 106 S. W. (2d) 866.

Here the relator asked the chancellor to use the writ of *mandamus* to compel the mayor and aldermen to give the relator a favorable decision on her application to open a liquor business. This was in terms the prayer of the bill and the language of the alternative writ as it was issued thereunder, "You are therefore commended to sign and issue to petitioner *a certificate of good moral character as is required by the express provisions of Chapter 49, Public Acts of 1939, and in the words of said section 8, Chapter 49, Acts of 1939, or appear, etc.*" (Record, page 5.) (Italics ours.)

"Nothing is better settled with respect to the law governing *mandamus* than that the writ is never granted to

control or coerce the exercise of discretionary power on the part of a board or officer. *Peerless Const. Co.* v. *Bass,* 158 Tenn. 518, 14 S. W. (2d) 732; *Insurance Co.* v. *Craig,* 106 Tenn. 621, 62 S. W. 155; *Morley* v. *Power,* 73 Tenn. 691, 5 Lea, 691." *State ex rel. Sims* v. *Reagan,* 175 Tenn. 607, 612, 136 S. W. (2d) 521, 523.

█ From the sworn answer of defendants, it is evident that the defendants had exercised their discretion in refusing relator's application. The relator never saw fit to deny the charge of personal inebriety or of violations of regulations and law upon which the refusal of a favorable certificate was based. But in any event, whether the grounds upon which the refusal was predicated were true or false, so long as the refusal was not an arbitrary act by the mayor and aldermen, the statute affords the relator no relief by *mandamus.*

█ We think if relator desires it, that she is entitled to a certificate by the defendants, unfavorable to her application. However, the peremptory writ as it was entered and served on defendants, was clearly beyond the power of the chancellor to grant.

We think the chancellor was in error in granting the motion to strike. His action in that regard is reversed. The writ is dismissed and the case remanded for further proceedings not inconsistent with this opinion. The relator will pay the costs.