Herbert Safier *v.* Z. D. Atkins, Commissioner, etc. and the City of Memphis, Tennessee.

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

GEORGE W. GRIDER and LUCIUS E. BURCH, JR., both of Memphis, for appellant.

HENRY C. FOUTCH, Assistant Attorney General, for Z. D. ATKINS, Com'r, etc.

WILLIAM C. BATEMAN, of Memphis, for City of Memphis.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the action of the Judge of the Second Circuit Court of Davidson County, Hon. Byrd Douglas, presiding, dismissing and denying a petition for certiorari to the State Commissioner of Finance and Taxation to review and reverse the action of the said Commissioner in refusing to issue to the petitioner a retail liquor license to operate a store at 2459 Staten Street in the City of Memphis.

There are a number of assignments of error to the action of the court, which, as we view the record, need not be considered seriatim. It is sufficient that we state the facts and decide the issue.

The petitioner, Herbert Safier, operated a retail liquor store at 803 Union Avenue in the City of Memphis for seven (7) years, and on June 1, 1954, he was required to

move due to the fact that the property had been acquired by the Scottish Rite of the Masonic Fraternity and under the latter's policy its property could not be used for the sale of whisky.

Mr. Safier is admittedly a man of good moral character. Upon the expiration of his lease he purchased a vacant lot at an address known as 2459 Staten Street in Memphis, and made application to the Board of Commissioners of the City of Memphis for a certificate of good moral character to operate a store at this new location. The Board, through the "Beer Licensing Commission" of the City of Memphis, indicated they would disapprove such a request; whereupon he made diligent search to find a location which would be suitable, but was unable to do so. He finally renewed his application to the Board for a certificate of good moral character to open his store at 2459 Staten Street. On February 15, 1955, his said application was denied.

Following this refusal by the Board to grant such a certificate he made application to the State Commissioner of Finance and Taxation for a license to operate a retail liquor store at the aforesaid location under Section 57-126, T. C. A. This hearing was on April 14, 1955 in the City of Memphis. The application was denied on June 23, 1955. The petitioner thereupon filed his petition in the Circuit Court for the writ of certiorari to review the action of the. Commissioner. The trial judge dismissed the petition. We have the case now on several assignments of error.

The Commissioner of Finance and Taxation had refused to consider the ordinance of Memphis (Section 161 of the Municipal Code) unconstitutional, the same being enacted for the regulation of the sale of whisky. The petitioner was of opinion that the Commissioner would

have no alternative other than to overrule the action of the City Commissioner and issue him a retail liquor license for a particular location, *if the said ordinance was ruled to be invalid.*

█ Contention is made that this ordinance confers upon the City Commission *arbitrary* power in the matter of issuing a character certificate to persons applying therefor, which is a necessary prerequisite to enable the applicant to obtain a retail liquor license from the State Commissioner of Finance and Taxation. In other words, that said City Commission is empowered to be a law unto itself without regard to any provision of the general law regulating the sale of liquor. Both the Commissioner and the trial judge overruled this contention, and we think they were correct in so ruling. The ordinance herein assailed reads as follows:

"Manufacture, Sale, etc., Near Churches, Schools or Other Public or Private Institutions or Residential Areas.

"No alcoholic beverages shall be manufactured, distilled or rectified, sold or stored on any premises that shall be located in the proximity to any church, school, public or private institution, residential section or in any other section that may hereinafter become residential or in any other section of the City of Memphis where the residents or property owners for other good and valid reasons object to the location of liquor stores, whenever in the discretion of the Board of Commissioners of the City such location would be inimical to the public welfare.

"That in no event shall the number of retail liquor stores, premises or outlets for the sale of alcoholic beverages, as defined in Section 153 (Chapter 5,

Article 1) of said Memphis Municipal Code, exceed one hundred seventy-seven (177).

"No certificate of good moral character will be issued pursuant to Section 6648.12a of the Code of Tennessee [T. C. A. § 57-121] in any case where the location of said proposed retail liquor store has been disapproved by the Board of Commissioners of the City of Memphis."

The aforesaid ordinance is not in conflict with the general law. Implicit in this ordinance, if not directly expressed, is that there shall be a hearing by the City Commissioners to determine the location of liquor stores, and it serves notice upon all applicants that no such certificate will be issued where the desired place "has been disapproved by the Board of Commissioners of the City of Memphis."

The record before us discloses that there was a hearing by the City Commissioners of Mr. Safier's application for a character certificate to retail liquor at 2459 Staten Street, and it was declined.

Section 57-126, T. C. A., relates to a hearing by the Commissioner of Finance and Taxation of the application for a license where a certificate of good moral character has been either approved or disapproved by the governing authority of a municipality. In other words, "The commissioner shall consider this certificate *together with all other evidence which he may obtain by investigation or otherwise* in determining whether said license shall be issued." (Emphasis ours.)

The foregoing excerpt from Code Section 57-126 applies where the applicant presents a certificate of good moral character. By the same section provision is made for a hearing by the Commissioner when, for any reason legal or otherwise, such certificate has been denied. In

these circumstances the Commissioner of Finance and Taxation determines if said certificate has been wrongfully, illegally or arbitrarily refused by the City Commissioners. The Commissioner complied with this provision.

The Commissioner of Finance and Taxation had full authority under the aforesaid Code Section to determine if the City Commissioners had acted arbitrarily in refusing a certificate to Mr. Safier to operate at 2459 Staten Street. Moreover it was admitted in oral argument that the City Commissioners offered to issue a character certificate to Mr. Safier to operate at two other locations in the City of Memphis, and he refused on the ground that he would have too much competition at either of these places.

In *State ex rel. Major v. Cummings,* 178 Tenn. 378, 158 S. W. (2d) 713, 139 A. L. R. 837, it is held:

"The state's granting of license to sell intoxicating liquors does not preclude municipal authorities from making reasonable regulations pertaining to sale thereof.

"A State license to sell intoxicating liquors does not protect holder from such police regulations affecting trade as are not unreasonable or oppressive."

In *State ex rel. Veal v. Mayor and Aldermen of Dyersburg,* 184 Tenn. 1, 195 S. W. (2d) 11, it is held that the court "will never substitute its judgment for that of officials vested with discretion, with reference to an act calling for the exercise of that discretion, unless the officials have *clearly acted arbitrarily and without regard to their duty.*" (Emphasis ours.)

We think it is settled law in this State that a person has no property right in the privilege for the sale of intoxicating liquors; that such sale is subject to

the most stringent regulations. *State ex rel. Saperstein* v. *Bass,* 177 Tenn. 609, 152 S. W. (2d) 236; *McCanless* v. *Klein,* 182 Tenn. 631, 188 S. W. (2d) 745. Upon the foregoing authority we are of opinion that municipal authorities are empowered to fix the places where intoxicating liquor may be sold and specify the number of such places in accordance with their charter provisions.

█ █ The position of the appellant here is wholly untenable. No case has been cited by counsel, and we believe none can be found, holding that an applicant for a retail liquor license may, by mandamus or otherwise, compel the governing authority of a municipality to issue a character certificate to operate such a business at a place of his own selection, even though he may be entitled to it from the standpoint of moral fitness. Nor can the Commissioner of Finance and Taxation be so compelled to issue a license *in any case* in the absence of any evidence that the said governing authority has acted arbitrarily and unlawfully in disapproving it. *State ex rel. Park* v. *Beasley,* 182 Tenn. 523, 188 S. W. (2d) 333.

It is our well considered opinion that the Commissioner of Finance and Taxation was justified by law in refusing the applicant a retail license to sell liquor at 2459 Staten Street in the City of Memphis. The trial judge did not err in affirming the Commissioner and dismissing the common law writ of certiorari. His judgment is accordingly affirmed.