IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2020 Session

## KNOXVILLE COMMUNITY DEVELOPMENT CORPORATION v. ORCHARD ENTERTAINMENT GROUP LLC ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-27-19   William T Ailor, Judge**

———————————————————

**No. E2019-01831-COA-R3-CV**

———————————————————

KRISTI M. DAVIS, J., concurring.

I concur with the majority opinion but write separately to more fully address KCDC's argument that it was not required to provide notice to OEG of the Board of Commissioners' decision to acquire the Property by eminent domain because the Redevelopment Plan does not contain a notice requirement.

The Redevelopment Plan gives a property owner faced with an eminent domain action the option to "submit the issue to City Council within thirty (30) days of when KCDC's Board of Commissioners approves the acquisition by eminent domain."  But the right of the property owner to review by City Council "has little reality or worth unless the affected parties are informed that the matter is pending and can choose for themselves whether to appear or default, acquiesce or contest." *Rasheed v. Tenn. Dep't of Safety*, No. 01-A-019203CH00078, 1992 WL 210484, at *2 (Tenn. Ct. App. Sept. 2, 1992).  Implicit in the Redevelopment Plan, if not directly expressed, is that notice of the Board of Commissioners' decision must be given to property owners before the right to request City Council review can be exercised. *See Safier v. Atkins*, 288 S.W.2d 441, 443 (Tenn. 1956) (finding that a city ordinance implied the right to a hearing where the ordinance stated that a certificate of good moral character for opening a liquor store would not be issued "where the location of said proposed retail liquor store has been disapproved by the Board of Commissioners").

KCDC's position that notice is not required renders meaningless the Redevelopment Plan's option to request City Council review.  Moreover, the lack of notice deprived OEG of basic due process protections guaranteed under the Fourteenth Amendment to the federal constitution and Article 1 of our state constitution before the taking of its property.  "Notice and opportunity to be heard are the minimal requirements of due process."  *Id.* (citing *In*

*re Riggs*, 612 S.W.2d 461 (Tenn. Ct. App. 1980)). In sum, whether stated in the Redevelopment Plan or not, the eminent domain process employed by KCDC must comport with due process notice requirements.

_____
KRISTI M. DAVIS, JUDGE