Grills *v.* Mayor, etc.

THOS. W. GRILLS *v.* THE MAYOR AND ALDERMEN OF
JONESBORO.

CORPORATIONS. *Municipal. Police powers of. Liquors. Licensed retailer of.*
An incorporated town has no authority, under its police powers, to
pass an ordinance prohibiting licensed retail liquor dealers from sell-
ing their goods on certain specified days of the week, or during cer-
tain hours of those days. The law of the State authorizing the license
being paramount.

Case cited: Ward *v.* Mayor, etc., 8 Baxter, 228.

FROM WASHINGTON.

Appeal from the Chancery Court.

J. G. DEADERICK for complainant.

No brief for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Grills is a regularly licensed retailer of liquors in
the town of Jonesboro. The corporate authorities have
passed an ordinance prohibiting the sale of liquors after
6 o'clock P. M., each day, on the three first days of
each term of the circuit court, on the days on which
the county court is held, on the days when any public
show takes place in the town, on the days of the col-
lege commencement, and on the days when fairs are
held at or near Jonesboro, and annexing a penalty to
all violations of this ordinance.

Gills filed his bill, stating the existence of this

ordinance, alleging that it violates and interferes with his rights as a licensed retailer. of liquors, and that it is unreasonable and oppressive, &c., and praying for perpetual injunction, &c.

To this bill the mayor and aldermen demurred, upon the ground that they have the right, in the proper exercise of their police powers, to pass the ordinance. Chancellor Smith overruled the demurrer, and defendants have appealed.

This case is settled by the decision in the case of *Ann Ward* v. *Mayor and Aldermen of Greeneville,* determined at the present term. The allegations of the bill in the present case make a clear case of excessive and unauthorized exercise of the police powers of the corporate authorities. Whatever may be our views as to the wisdom of prohibitory laws for the prevention or suppression of the evils of intemperance, so long as the Legislature continues to legalize the traffic, and to confer on those engaged in it the rights attached to their privileges, the courts are bound to protect the exercise and enjoyment of these rights and privileges against unreasonable and oppressive ordinances passed by corporate authorities, although they may, in the judgment of these authorities, be passed in the interest of morality, religion and good order. The law of the State is paramount and must control.

The decree of the chancellor is affirmed with costs, and the cause remanded.