WRIGHT *v.* STATE.

(*Jackson*, April Term, 1937.)

Opinion filed June 17, 1937.

NOBLE L. FREEMAN, of Lawrenceburg, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney General, for defendant in error.

MR. SPECIAL JUSTICE F. T. FANCHER delivered the opinion of the Court.

W. P. Wright, hereinafter called the defendant, was indicted upon three counts which charge him with having violated certain resolutions passed by the county court of Lawrence county under its supposed authority to regulate the sale of beer, wine, or any other alcoholic beverage. This indictment assumed that legislative authority was given the county court for such regulation in chapter 69 of the Public Acts of 1933 which legalizes the sale of beer in Tennessee, and that a violation of the resolution of the county court is an indictable offense.

The act as carried into the Code, section 1191.14 (section 10 of the act) as follows, makes provision for the

granting of licenses and we will italicize the portions more closely applicable to this case:

"Before any person, firm, corporation, joint stock company, syndicate or association shall be authorized to sell, store and/or manufacture such beer and/or beverages as prescribed herein, *in any county outside the limits of any town* or city now incorporated he shall apply to the *County Court or to a committee appointed by said County Court,* and shall establish: First, that the applicant is a citizen of the United States, or if a syndicate or association, that all of the members are citizens of the United States.

"Second, that no persons will be employed in the storage, sale, or manufacture of any such beverages ex-. cept citizens of the United States.

"Third, that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, *or other places of public gathering, or otherwise interfere with public health, safety and morals*; the County Court having the right to forbid such storage, sale or manufacture at places within two thousand (2,000) feet of such places of public gathering in its discretion. . . .

"Fifth, that no sale shall be made to minors.

"Sixth, that neither the applicant nor any persons employed by him in such distribution or sale shall be a person who has been convicted of any violation of the laws against possession, sale, manufacture, or transportation of intoxicating liquor or any crime involving moral turpitude within the past ten years.

"The application shall distinctly state whether the person so applying will conduct the business in person,

or whether he is acting as agent for any other person, firm, corporation, syndicate, association or joint stock company, and any person making false statement in said application shall forfeit his permit and shall not be eligible to receive any permit for a period of ten years, provided, however, that the County Court or the Committee appointed by them shall have the right to license any person, firm, corporation, syndicate, joint stock company or association carrying on any other regular business to store and sell in connection therewith such beer and/or other beverages. . . .

"All incorporated cities and towns in the State of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a Board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide.

"Providing further, that the cities may authorize the sale of such beer and/or other beverages described above in hotel rooms of regularly conducted hotels and in regularly incorporated clubs and lodges. *Any person, firm, corporation, syndicate, joint stock company, association, operating without a permit or license from the City or County shall be guilty of a misdemeanor.*"

The indictment was in three counts. The first count alleged the violation of a resolution of the county court of Lawrence county, which undertook to regulate the sale and distribution of beer, wine, or any other alcoholic beverage and which provided that such beverage should not be sold, given away, or in any other way distributed in Lawrence county, at or upon any premises whereon dancing is engaged in or permitted.

The second count was based upon the same resolutions of the county court which provided further that wine, beer, or any other alcoholic beverage shall not be sold, given away, or in any other manner distributed upon any day of the week, between the hours of 10 o'clock P. M. and 7 o'clock A. M.

The third count charged a violation of the same resolution fixing the closing and opening hours and charging that the defendant, by the violation of this ordinance, had forfeited all rights of every kind to sell or distribute such beverages.

The evidence in the case was agreed upon by written stipulations and no witnesses were introduced. It was agreed that the county court of Lawrence county, in regular quarterly session, assembled at Lawrenceburg on October 12, 1936, passed the following resolutions:

"Be it resolved by the Quarterly Court of Lawrence County, Tennessee, that a previous Resolution adopted by this Court on the 13th day of Jan. 1936, regulating the sale and distribution of beer in Lawrence County, which resolution is of record in Minute Book 7 page 273 of this Court, be and the same is hereby amended, by adding the following Provisions:

634

"It shall hereafter be unlawful for any person, firm or corporation to sell, give away, or in any other manner distribute, beer, wine or any other alcoholic beverage in Lawrence County, Tennessee, at or upon any premises whereon dancing is engaged in or permitted.

"It is hereby made unlawful for any person, firm or corporation in Lawrence County, Tennessee, to sell, give away, or in any other manner distribute beer, wine or any other alcoholic beverage upon Sunday at any hour; and upon any other day of the week between the hours of 10 o'clock P. M. and 7 o'clock A. M. or at any time within 1000 feet of any building where a public school or religious services are held.

"Any person, firm or corporation violating any of the foregoing provisions, or any other law or regulation pertaining to the sale or distribution of beer, and other alcoholic beverages of similar alcoholic content, shall forfeit all rights of every kind and character to sell or distribute any such beverage; and it shall be the duty of the Beer Committee of the County Court of Lawrence County, and said Committee is hereby granted the power and authority, to revoke all permits and or licenses theretofore granted to any person, firm or corporation offending."

It was further agreed that the defendant, at the time of the passage of this resolution and up to the date of the returning of the indictment, was employed by the operator of a store, filling station, and tourist camp at a certain point in Lawrence county, Tennessee; which place of business was not in any incorporated town and was not within 2000 feet of any school or church. It was further agreed that, at the place of business, defendant

had a room where persons visited who were permitted to dance and did dance, and that music for such dances was furnished by a mechanical device maintained by the defendant for such purpose.

It was further agreed that the defendant sold beer and ale to numerous customers on the 24th of October, 1936, and on numerous other occasions at said place of business, both in the dance hall and out of the dance hall, at various hours of the day and night and especially after the hours of 10 o'clock P. M. and before the hour of 7 o'clock A. M. Such sales of beer and ale were within 1000 feet of the place on defendant's premises and were where dancing was engaged in.

It was agreed that defendant was operating this business by virtue of a license and permit properly applied for by his superior, under whom he was acting; regularly issued by the county court of Lawrence county, Tennessee, on the 7th of August, 1936; that the sales of beer were made under and by virtue of said license and permit.

It was further agreed that the sales of beer and ale were made by the defendant in violation of the rules and regulations aforesaid passed by the quarterly session of the county court of Lawrence county, referred to in this indictment. Said sales were more than 2000 feet from any church or school.

Before the trial defendant moved to quash the indictment on the grounds: That the indictment does not charge any offense known to the law; that the county court exceeded its authority in passing the resolution set out and referred to in the indictment; that the violation of said resolution is not an indictable offense; that

the resolutions constitute class legislation and are in violation of defendant's constitutional rights; and that the resolutions are such exercise of legislative power as can be exercised by the Legislature only and are in violation of the authority vested in the county court.

The court overruled this motion to quash the indictment and defendant excepted. The jury, finding the defendant guilty, fixed the fine at $25 upon each of the three counts. The motion for a new trial contained the same grounds above stated which had been presented in the motion to quash. There was also a motion upon like grounds for arrest of judgment. The court sustained these motions in so far as the third count was concerned but rendered judgment on the verdict against defendant for the $25 in each of the first two counts.

The case is before us in every way regular by appeal in error. The only other provision in the statute applicable is section 1191.17 (section 13 of the act), which is as follows:

"Any violation of the provisions of this Act or rule or regulation of the Commissioner of Finance and Taxation *or the violation of any rule or regulation. of the County Court or City Legislative bodies relative to the conducting of this business shall be a misdemeanor* and where the punishment is not otherwise fixed herein, the offender shall be punished by a fine of not more than Five Hundred ($500.00) Dollars and imprisonment for not more than six (6) months in the discretion of the Court."

It has been held by this court that the county courts are constituted corporations with definite powers and with the justices thereof as representatives of the court; that they can exercise that portion of the sovereign-

ty of the State committed to them by the Legislature and no more. *Grant* v. *Lindsay*, 58 Tenn. (11 Heisk.), 651, 666; *Wood* v. *Tipton County*, 66 Tenn. (7 Baxt.), 112, 113, 32 Am. Rep., 561; *John Hunter* v. *Justices of Campbell County*, 47 Tenn. (7 Cold.), 49, 56, 58.

■ This court, speaking of the power of county courts, further has held that the powers intrusted to the county courts emanate from the Legislature alone; hence when a power claimed for them is not conferred it must be held not to exist. *Nashville & K. R. Co.* v. *Wilson County*, 89 Tenn., 597, 15 S. W., 446; *Shelby County* v. *Tennessee Cent. Exposition Co.*, 96 Tenn., 653, 36 S. W., 694, 33 L. R. A., 717. See, also, Code, section 161.

■ The authority for regulation of the liquor traffic, which is a subject of great inherent difficulty, may be conferred on bodies and commissioners, provided standards are established by the Legislature and the matter is not left wholly in the discretion of the body or commission. Matters of detail in carrying out the executive duty of giving effect to the legislative will may be left to bodies or commissioners. Interstate Commerce Commission is a conspicuous illustration of this rule. 12 C. J., 847, 848.

While beer, ale, and other beverages of low alcoholic content may not be highly intoxicating, yet they are sufficiently so to require regulation of their sale. The Legislature has provided for this in granting the authority to deal in such liquors. The Legislature has seen proper to extend to municipal corporations a large authority and discretion.

There appears to be express authority of cities and towns to pass proper ordinances governing the issuance

and revocation of licenses. There is express provision for cities and towns to impose additional restrictions, fixing zones and territories, providing hours of opening and closing, and such other rules and regulations as will promote public health, morals, and safety as they may by ordinance provide.

■ If it were intended that the county court should exercise like authority and to make ordinances or resolutions beyond the provisions of the legislative act, this authority, we think, would not have been expressly given to municipal corporations without being given the county court. The language of the statute, granting such authority only to municipal corporations, seems upon its face to exclude county courts from making any regulation beyond the provisions of the statute. All criminal or *quasi*-criminal laws are strictly construed. *Burks* v. *State*, 162 Tenn., 406, 36 S. W. (2d), 892; *Payne* v. *State*, 158 Tenn., 209, 12 S. W. (2d), 528.

■ ■ What then is the authority of the county court in this respect? It is that all persons engaged in this business outside of cities or towns now incorporated shall apply to the county court or to a committee appointed by the county for a license and such county or its committee is authorized to issue the license under the regulatory provisions of the act itself. Among these regulations are that no person shall be employed in the storage, sale, or manufacture of such beverages except citizens; that no such sales shall be permitted where they cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety, or morals. The county court may forbid the storage, sale, or manufac-

ture at places within 2,000 feet of public gatherings such as are mentioned in the act, that is, schools, churches, or other places of public gathering. The sale of beer in connection with the store, filling station, and dance hall is not a public place, as above expressed. The meaning of this provision is that it is confined to such public gatherings as schools, churches, or places of public gathering such as these. Most any kind of regular meeting places where the public may be instructed or entertained could fall within this provision. Sales to minors are forbidden; persons convicted of violation of the liquor laws or of crimes involving moral turpitude within ten years are forbidden a license and the business shall have no employee of such character. Persons making false statements forfeit their rights under the license.

 The county court or its committee having the power to grant licenses have the power by necessity to revoke if the law is violated in the exercise of the license. Reasonable discretion is given under the act to the county court in the granting of license and the regulation to be exercised by the court is in the granting and withdrawal of licenses. A license to sell liquor is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful. The authority which granted it always retains the power to revoke it for due cause such as a violation of the laws regulating the traffic. 33 C. J., 563.

We are of opinion that the county court may refuse license to sell liquors in connection with a dance hall if it be reasonably concluded that it violates the provisions of this law, and for the same reason revoke a license when once given. If such place should operate without a

license, then under the statute a misdemeanor has been committed. If the license were wrongfully withheld or revoked the offender has ample legal remedy to protect his rights. But in this case the license has been granted and never revoked.

An extension of the criminal laws of this State and a delegation to counties, such as here attempted, certainly to be valid must be expressly granted by the Legislature and not arise by implication. It is our opinion that the supposed implied power of regulation does not mean that the county court can extend the provisions of the law. The act makes unlawful the operation without a permit or license from the city or county and further that the violation of any rule or regulation of the county or city legislative bodies relative to the conduct of this business shall be a misdemeanor. But there is no indictable offense for a violation of a resolution by the county court.

We are of opinion that the remedy here attempted is a mistaken one. The court may deal with the license, and if one should operate without a license he will have committed a misdemeanor. But we find no authority for a county court to set up a law unto itself, applicable alone to that county, or to extend the law as defined by the statute. If so, each county might by resolution make its own criminal laws, the State might have ninety-five criminal laws on regulation, each differing from the other. Such a conclusion would be absurd.

Irrespective of any constitutional question, we are of opinion that the county court is not delegated the power to create an indictable offense but to pass upon applications and to grant, deny, or revoke license.

We do not hold that it is improper for the county court to establish rules for its guidance in carrying out the provisions of the law; but we do mean to say that the Legislature has not given authority to the county court to fix zones and territories and provide hours, etc., as is granted to cities to enact by municipal ordinance. The county court in issuing and revoking license must consider whether its use will cause congestion of traffic or interfere with schools, churches, or other places of public gathering, whether it will interfere with public health, safety, and morals, or otherwise violate the beer statute; and in this broad field it may exercise its sound discretion.

The judgment of the lower court is reversed, and the indictment dismissed.