STATE *ex rel.* CRAVENS *v.* DELK *et al.*

(*Nashville,* December Term, 1939.)

Opinion filed February 17, 1940.

W. A. GARRETT, of Jamestown, for plaintiff.

WARD R. CASE and WILL R. STORIE, both of Jamestown, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A *mandamus* was sought in this case to require defendants Delk and McDonald, constituting a majority of the Beer Committee of the County Court, to sign a permit to relator Cravens authorizing the issuance of a privilege license for the sale of beer at a point known as Pine Haven Camp, at a certain location described on the York Highway, near Jamestown, where relator operates a tourist camp and lunch stand. It was alleged that petitioner had complied with all the statutory regulations, as provided by the Act of 1933, chapter 69, as amended by chapter 170, Public Acts of 1935, particularly Section 10, Michie's Code, Section 5735(15), and that the defendants in the exercise of their official duties were arbitrarily refusing to sign said permit; that the Committee had no discretionary power in the matter when it appeared that the applicant had complied with the requirements set forth in the law as to residence, etc.

An alternative writ was issued and the defendants answered and set up various reasons for their refusal, among others that they were informed and believed that the relator is charged with selling beer without a license and is under bond to the grand jury; that his place of

business is located at the intersection of the highway with another highway, which leads to a C. C. C. Camp where some two hundred youths are located, and sets up other conditions to support the charge that congestion of traffic would result; that the sale of beer at the given point would interfere with public health, safety and morals because of the location within 2,000 feet of an assembling place for religious worship; and that they are informed and believe that relator's place has been the scene of misconduct, including fighting, drunkenness and the like, and that the sale of beer would probably increase these evil conditions. The defendants denied that they were acting arbitrarily and in the abuse of their discretion.

The demurrer challenged the petition on the ground that the defendants, as members of the Beer Committee, were vested with *quasi*-judicial authority and particularly with discretionary power to determine whether or not permits should be issued to applicants for sales at locations named, and that their action in the premises was not subject to review, so long as not arbitrary or in the exercise of bad faith, unfair discrimination or fraud.

The trial Judge heard the case on the pleadings and on oral testimony and dismissed the petition, sustaining the demurrer and finding on the evidence produced no abuse by the defendants of the discretionary power vested in them. His view apparently was that the petitioner was himself apparently not an objectionable character, and that there was much evidence that his place had been or would be conducted properly, but that questions of congestion and of propriety in connection with the issue were primarily for the determination of the County Court, acting through its Committee. Relator has appealed and insists that he has been denied both statutory and constitutional rights, having brought him-

self within the provisions of the regulations prescribed by law.

We think the judgment of the trial Judge must be affirmed. It is now well settled that Boards and Commissions of this character are vested with large discretion, and the courts will not review their action unless it clearly appears that they have acted arbitrarily or illegally. This rule has been applied in many of our cases where various Boards and other administrative bodies have been involved. For example, in a case decided this day from Fentress Law this court has approved the action of the trial court in refusing a *mandamus* to compel the employment of teachers by the County Superintendent and County Board of Education. *State ex rel. Sims* v. *Reagan, County Superintendent,* 175 Tenn., 607, 136 S. W. (2d), 521. The opinion in that case cites, in support of the proposition that "Nothing is better settled with respect to the law governing *mandamus* than that the writ is never granted to control or coerce the exercise of discretionary power on the part of a board or officer," *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732; *Insurance Co.* v. *Craig,* 106 Tenn., 621, 62 S. W., 155; *Morley* v. *Power,* 73 Tenn. (5 Lea), 691.

That the Beer Committee appointed by the County Court under the Act in question is vested with discretionary power was considered and settled by *Wright* v. *State,* 171 Tenn., 628, 630, 106 S. W. (2d), 866, 870, in which the Act here involved was fully considered. In that case it was said: "Reasonable discretion is given under the act to the county court in the granting of license and the regulation to be exercised by the court is in the granting and withdrawal of licenses. A license to sell liquor is not a contract by right of property but is

merely a temporary permit to do that which would otherwise be unlawful.'' The last two lines above quoted answer the contention made by appellant that his constitutional rights have been invaded.

Again, it was said in the Wright case, ''The county court in issuing and revoking license must consider whether its use will cause congestion of traffic or interfere with schools, churches, or other places of public gathering, whether it will interfere with public health, safety, and morals, or otherwise violate the beer statute; and in this broad field it may exercise its sound discretion.''

While a municipality's action was under consideration by the court in the recent case of *Cravens* v. *Storie, Mayor, etc.,* 175 Tenn., 285, 133 S. W. (2d), 609, 610, much that was said by Mr. Justice McKinney in that case with respect to the ''very large discretion'' vested in the municipal authorities applies to the county court and its authorized committee.

The Act expressly provides that beer shall not be sold ''except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals'', and the county court is declared to have the right to forbid such storage, sale or manufacture at places within two thousand (2,000) feet of such places of public gathering ''in its discretion.''

Not only is this discretion vested in the Board or Committee, in the first instance, but it should be borne in mind that *mandamus* is a remedy of the extraordinary class as to which the well established rule is that the trial Judge has a broad discretion. The writ is known as a discretionary writ. *Peerless Construction Co.* v. *Bass,*

*supra.* And, not only are the rules hereinbefore mentioned well established, but there can be no doubt that an increased sense of responsibility will rest upon and be. recognized by our administrative bodies as the result of the refusal by the courts to interfere with their exercise of the discretion vested in them. So, in a recent opinion of the United States Supreme Court (*Federal Communications Commission* v. *Pottsville Broadcasting Co.,* January 29, 1940, 309 U. S. 134, 60 S. Ct., 437, 443, 84 L. E. (Adv. Ops.) 361), it was said that, "interference by the courts is not conducive to the development of habits of responsibility in administrative agencies."

The judgment is affirmed.