STATE *ex rel.* HARRIS *v.* BEASLEY, MAYOR, *et al.*

(*Nashville*, December Term, 1944.)

Opinion filed June 9, 1945.

ROBT. H. POLK, of Franklin, and WALKER & HOOKER and TYREE B. HARRIS, III, all of Nashville, for petitioner.

T. P. HENDERSON and FRANK GRAY, JR., both of Franklin, for defendants Beasley et al., appellants here.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

From a decree granting a peremptory writ of *mandamus* commanding the defendants, Mayor and Aldermen of the Town of Franklin, to sign and issue to petitioner, E. W. Harris, a certificate of good moral character, in the words of Section 8, Chap. 49, Public Acts of 1939, as amended, defendants have appealed.

Harris, being absent overseas, made application through his wife for this certificate, which by statute is required as a prerequisite to the issuance by the Commissioner of Finance and Taxation of a retail liquor dealer's license. He contemplated making application

for a renewal for the year 1945 of a license to sell liquor at retail in Franklin, which had been issued to him for previous years, including 1944, and under which he had operated a certain retail liquor store located in Franklin at a described location. He had not personally operated and conducted this store in 1944, being continually absent from the state. The application was presented to the Mayor and Aldermen by his wife, who represented herself as the agent and attorney in fact of E. W. Harris, and stated that she expected to continue during the year 1945 to operate and conduct this liquor store.

The defendants filed a plea, followed by a sworn answer, both of which were stricken upon motion by the chancellor for insufficiency, and the writ was thereupon issued.

Pretermitting discussion of the plea as immaterial for our present consideration, it appears that the answer sets forth the facts above recited, namely, the absence from the state of E. W. Harris, the former operation of the store by the wife and her representation in presenting the application that she expected to continue in exclusive control and operation thereof, as heretofore; that due inquiry and investigation had been made and that defendants did not know and had no means of knowing the facts as to the present moral character of E. W. Harris, who had been absent from the county for several years, but that the conduct of the liquor business at this store had been characterized by repeated violations of the governing liquor laws, and that they believed and had reason to believe that these law and regulation violations would continue under her management.

The answer not only went into much detail in describing this unlawful conduct of this store by the wife, but set forth facts showing that Mrs. Harris had been en-

gaged in bootlegging and illegally selling of liquor at divers other locations around and about Franklin, some of which had been padlocked and closed by court orders.

It is apparent from the record that the learned chancellor was of opinion that since the application was for a certificate of good moral character of E. W. Harris, and not of his wife, his agent and the actual operator of the business, that the showing of unfitness and misconduct and bad moral character made by the answer as to her, was not responsive or pertinent and these facts did not justify the defendants in their refusal of a certificate limited to him.

To this we are unable to agree. This view exalts the letter and disregards the spirit, and it fails to take into consideration a material provision of the pertinent act, being Section 8, Chap. 49, Acts of 1939 (Code Section 6648.11).

After providing that as ''a condition precedent to the right of the Commissioner'' to issue a retailer's license the applicant shall first obtain a certificate from the governing body of the local municipality involved, the act proceeds: ''Said certificate must state that the applicant is of good moral character and is personally known to the official signing the certificate, or that such official has made careful investigation of the applicant's general character and from such investigation it is found to be good, *and that in his opinion the applicant will refrain from a violation of this Act and is entitled to the license applied for.* Provided, further, that no such officer shall arbitrarily refuse to issue such certificate to an applicant, and in the event of such arbitrary refusal the remedy is hereby given to the applicant to compel said official by writ of *mandamus* to issue said certificate.''

■ The legislature thus wisely evidences a purpose to delegate to the chosen local representatives of the people in the various municipalities a large degree of control in the selection of the personnel who are worthy to be entrusted with the conduct of this morally precarious business. It will be observed that this certificate must not only state that the applicant is of good moral character, but that (in the words we have italicised) ''in his opinion the applicant will refrain from a violation of this Act and is entitled to the license applied for.''

Conceding, but not deciding, that despite his protracted absence from Franklin and, therefore, want of information of him at the time, the defendants might have truthfully and properly certified to his good moral character personally, on the violent assumption that he had been kept in ignorance of the notorious misconduct and immorality of his wife and agent in charge, certainly the defendants were not in position to certify that in their opinion ''the applicant will refrain from a violation of this Act,'' etc.

■ ■ What one does thru and by his authorized agent he does himself and is equally responsible for. Knowing what this applicant had been doing under a similar license in his name thru and by his authorized agent and operating representative, and assured that she was to continue to act for him in this capacity, no conscientious official could execute such certificate. Indeed, one who consistently and notoriously violates the law thru another acting in his behalf is chargeable with notice of such conduct and can hardly himself insist that his own moral character is above reproach.

■ ■ It being our conclusion, therefore, that the answer was sufficient and fully responded to the petition for *mandamus*, it becomes unnecessary to consider, as

534

before stated, a more technical defense presented by the plea. This case differs from companion suits* tried to-. gether in this Court in particulars noted above, i. e., that here the certificate was sought in the name of one other than the proposed operator and that here the moral character of the actual operator was bad beyond reasonable dispute. The determinative question in this case is that above disposed of by our construction of the statute as imposing the duty upon local officials to consider, not only the character of the nominal applicant, but also the moral character, history and reasonably to be anticipated conduct of his past and avowedly prospective authorized agent in sole actual charge and conduct of the liquor business proposed to be transacted.

It is urged that this is a matter for the consideration of the commissioner in his issuance, or revocation of a license. We think it also the duty of the local authorities to give consideration to these facts and circumstances directly affecting the lawful conduct of the business proposed to be done under the license to be procured, to which this certificate is a preliminary essential—a ''condition precedent.''

We have not found it necessary to restate the limitations incident to relief by the writ of *mandamus*, particularly the familiar principle that discretion fairly exercised by public officials may not be so controlled. See on this question *State ex rel. Allen* v. *Beasley, supra,* page 519, 188 S. W. (2d) 332. We have preferred to dispose of this case on its merits. Reversed and remanded.

---

*State ex rel. Allen v. Beasley, **supra**, p. 519, 188 S. W. (2d) 332; State ex rel. Park v. Beasley, **supra**, p. 523.