GRUBB *et al. v.* MAYOR AND ALDERMEN OF MORRISTOWN *et al.*

(*Knoxville,* September Term, 1946.)

Opinion filed June 26, 1947.

116

WILLIAM E. BADGETT, of Knoxville, and C. FRANK DAVIS, of Morristown, for appellants.

EARNEST R. TAYLOR, of Morristown, for appellees.

MR. JUSTICE NEIL delivered the opinion of the Court.

The complainants, Earl D. Grubb and seventeen other resident citizens of Morristown, filed their original injunction bill in the Chancery Court of Hamblen County against the Mayor and Aldermen of Morristown and individual members of the City Beer Board, seeking a declaratory judgment as to the validity of an ordinance duly enacted which prohibits the sale of beer in Morristown, and to enjoin its enforcement. The several complainants hold beer permits issued by the City Beer Board to sell beer within the corporate limits of said municipality. It is alleged in the bill that they and each of them were issued permits as aforesaid by the licensing authority, none of which will expire until after April 1, 1947; that "they are entitled by due process of law to a hearing before such licenses and permits can be revoked, and that same may not be made invalid by a prohibitory ordinance of the Town of Morristown;" that the ordinance "is in violation of Article 1, Section 8, of the Constitution of Tennessee" in that (1) they are deprived of their business and property by other than

the law of the land; (2) that the ordinance is not a proper exercise of the police power; and (3) that it is in contravention of the general law of the state, same being Chapter 69 of the Public Acts of 1933.

The defendants demurred on the ground (1) that there is no equity on the face of the bill, and (2) it seeks to enjoin the enforcement of an ordinance "passed by the defendant, a municipal corporation, in the exercise of its police power under and by virtue of its charter of incorporation."

The said defendants also filed an answer in which specific denial is made of particular averments in the bill. The answer deals at length with the conditions existing in Hamblen County and the City of Morristown which gave rise to the passage of the ordinance in question.

A temporary injunction was granted by the Court, which was later dissolved on motion of the defendants. The complainants were granted an appeal to this Court and the cause was transferred to Nashville from Knoxville for hearing by consent of counsel.

The assignments of error are (1) the Chancellor erred in decreeing that the Court was without jurisdiction to render a declaratory judgment with respect to the validity and constitutionality of Ordinance Number 1317; and (2) "in refusing to declare said ordinance to be invalid and unconstitutional and in dismissing appellants' suit."

█ █ It is not necessary that we give consideration to the first assignment inasmuch as the bill presents a proper case for the entry of a declaratory judgment as held in *Erwin Billiard Parlor* v. *Buckner*, 156 Tenn. 278, 300 S. W. 565. We think the Chancellor was also correct in refusing to enjoin an ordinance that was penal in its nature.

With respect to the second assignment of error, it is insisted by complainants' counsel "that Ordinance Number 1317 cannot be considered regulatory in any sense of the word, but prohibitory, and thereby it unreasonably and oppressively affects the civil right that each of defendants has in a lawfully issued and unrevoked permit;" that it violates Article 1, Section 8, of the Constitution of Tennessee, and also contravenes the general law of the state which legalizes the sale, transportation, storage, etc., of beer in Tennessee of not more than five per cent alcoholic content.

It is argued by counsel that the general law authorizes municipal and county authorities to enact ordinances regulating the sale of beer, but "nowhere is authority found for the prohibition by municipal ordinance of the sale and giving away of beer."

We find no merit in the contention that complainants are deprived of any vested right or interest by the passage of the said ordinance. The permit to sell beer confers upon them no property right. In *Cravens v. Storie, Mayor, etc.*, 175 Tenn. 285, 133 S. W. (2d) 609, Mr. Justice McKinney re-affirmed the following statement in *Wright v. State*, 171 Tenn. 628, 106 S. W. (2d) 866: "A license to sell liquor is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful." It was further held that the holders of beer licenses "have no vested or property rights that are affected by this ordinance." What was said in the above case is applicable here.

We must concede that the ordinance does not purport to be regulatory but is expressly prohibitory. The general law which authorizes the sale of beer of not more than five per cent alcoholic content provides that such beverages may be manufactured, sold, etc., subject to certain "limitations, regulations, and conditions."

One who sells must have a permit or license issued by the proper county or municipal authorities. The question of its issuance rests within the sound discretion of these authorities. Thus in *Craven* v. *Storie, supra*, it was said, at page 289 of 175 Tenn., at page 610 of 133 S. W. (2d): "It was not the purpose of the Legislature to make it mandatory upon the municipality to issue licenses for the sale of beer within its corporate limits if by so doing the public morals and welfare .would be affected, and with respect as to what is injurious a very large discretion, as previously stated, is vested in the municipal authorities." To the same effect see *Howard et al.* v. *Christmas*, 180 Tenn. 519, 524, 176 S. W. (2d) 821.

■ ■ We find nothing in the Act of 1933, or the amendatory Act of 1943, Pub. Acts, 1943, chap. 53,, making it mandatory upon any beer board or licensing authority to issue a beer permit or whisky license to anyone. Moreover, the writ of mandamus will not lie to compel the mayor of a town to perform a discretionary act such as the issuance of a character certificate which is a prerequisite to the right to hold a liquor license. *State ex rel.* v. *Beasley*, 182 Tenn. 519, 188 S. W. (2d) 332; Id., 182 Tenn. 523, 188 S. W. (2d) 333; Id. 182 Tenn. 529, 188 S. W. (2d) 336.

In *State ex rel.* v. *Bass*, 177 Tenn. 609, 152 S. W. (2d) 236, 239, Mr. Justice DE HAVEN, speaking for the Court, quoted with approval the following statement by Mr. Justice FIELD in *Crowley* v. *Christensen*, 137 U. S. 86, 11 S. Ct. 13, 15, 34 L. Ed. 620: "There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and

extent of regulation rest in the discretion of the governing authority.''

All of the foregoing cases as well as others which might be cited are conclusive of the question that, since the business of selling beer is subject to unlimited restrictions, it cannot be said that such restrictions, even to the extent of a prohibition, are ''unreasonably oppressive,'' ''discriminatory,'' and violate any civil right of the complainants. The ordinance assailed does not violate Article 1, Section 8, of the State Constitution.

The error chiefly relied on by counsel, it being given special consideration in oral argument and on the brief, is that the ordinance is in contravention of the general law which authorizes the sale of beer in Tennessee. Code section 1191.1 *et seq.*

It thus appears from the beer statutes and our interpretation of them that they do not confer absolute rights but are conditional and in effect are local option statutes. The Beer Act is referred to in *Cravens* v. *Storie*, at page 288 of 175 Tenn. at page 610 of 133 S. W. (2d), as being ''in the nature of a local option law.''

But conceding that the beer statute is a general law applicable alike to the various counties and municipalities of the state, with broad discretionary powers conferred upon local authorities in its administration, and that the ordinance Number 1317 is in contravention of said act, it does not necessarily follow that it is invalid. It is contended by appellants that the general law provides regulation as ''the only mode or method for the revocation of licenses and permits already issued'', and being in contravention of the general act is unconstitutional.

Counsel for complainants strongly rely upon *Grills* v. *Mayor, etc., of Jonesboro*, 67 Tenn. 247, and *Maxwell* v. *Corp. of Jonesboro*, 58 Tenn. 257, as authority for their contention that the Ordinance 1317 is invalid. In the

*Grills Case* it was held that an ordinance prohibiting the sale of liquors after certain hours and "on the first three days of each term of the Circuit Court," as well as other specified occasions, and annexing a penalty to all violations, was "an unauthorized exercise of the police powers of the corporate authorities." The case differs from the one before us in that it does not appear that the Legislature had conferred upon Jonesboro the authority to enact such an ordinance.

In the instant case the general beer law and also the charter of Morristown expressly authorize the passage of the ordinance in question.

In *Maxwell* v. *Corp. of Jonesboro, supra,* a similar ordinance was upheld by the Court as a proper exercise of the city's police power.

The case of *Newbern* v. *McCann,* 105 Tenn. 159, 58 S. W. 114, 50 L. R. A. 476, does not support the complainants.

We cannot consider alone the beer statutes and the ordinance here assailed as determinative. The charter of the City of Morristown, Chapter 103, Acts of 1903, subsection 25 of Section 5, contains the following provision:

"To prohibit by ordinance the sale by retail for beverage purposes, or the giving away for beverage purposes, of intoxicating liquors, including ale, wine, and beer, within the limits of such corporation, and to provide by ordinance suitable penalties for the violation of such ordinance, and to prevent the sale or giving such liquors to minors, within the limits of such corporation, and to provide suitable penalties for violation of same."

If this provision of the charter is not repealed by the general law (Acts of 1933 and 1943), it furnishes ample authority for the municipality to prohibit the sale

of beer. *Howard* v. *Christmas, supra.* It is a reasonable exercise of the city's police power.

There is an unbroken line of decisions in this state to the effect that a general law will not repeal the particular provisions of a city charter unless plainly so intended. *State* v. *Nashville Savings Bank*, 84 Tenn. 111, 122; *State* v. *Wilson*, 80 Tenn. 246.

In *Burnett* v. *Maloney*, 97 Tenn. 697, 37 S. W. 689, 691, 34 L. R. A. 541, it was held, " 'A general later law does not abrogate an earlier special one by mere implication.' " To the same effect see *Vertrees* v. *State Board*, 141 Tenn. 645, 214 S. W. 737; *Savage Co.* v. *Knoxville*, 167 Tenn. 642, 647, 72 S. W. (2d) 1057; *Anderson* v. *City of Memphis*, 167 Tenn. 648, 72 S. W. (2d) 1059. See also *State ex rel.* v. *Mayor, etc., of Dyersburg* (Tenn. Sup.), 195 S. W. (2d) 11, where Mr. Special Justice TOMLINSON, speaking for the Court, said: "Charter provisions granting police power to regulate the sale of liquor were not superseded by statute making the sale of intoxicating liquor anywhere in the state unlawful."

As further supporting authority, it is said in Sutherland on Statutory Construction (3 Ed.), Vol. 1, section 2021: "An implied repeal of prior statutes will be restricted to statutes of the same general nature, since the legislature is presumed to have known of the existence of prior special or particular legislation, and to have contemplated only a general treatment of the subject matter by the general enactment. Therefore, where the later general statute does not propose an irreconcilable conflict, the prior special statute will be construed as remaining in effect as a qualification of or exception to the general law."

We find no irreconcilable conflict between the charter provision of the Town of Morristown and the general beer statute authorizing such sales but which also

confers upon municipalities the right to regulate. The Legislature is presumed to have known of the special act incorporating the Town of Morristown and, while legalizing the sale of beer generally throughout the state, was content to let Morristown enforce the provisions of its charter. There is no general or special repealing clause in the general law. The contention that the general law is in conflict with the prohibitory ordinance assailed in the instant case rests very largely in the realm of imagination.

It is the duty of the Court to construe two seemingly repugnant statutes so as not to effect the repeal of one by the other if possible. *People* v. *United Medical Service* 1936, 362 Ill. 442, 200 N. E. 157, 103 A. L. R. 1229.

In a footnote to Section 2012, Sutherland on Statutory Construction, Vol. 1, p. 465, it is said: ''Conversely, if the inconsistency is not fatal to the life of either statute, the two may stand together,'' citing many cases, among the number being our own case of *Hibbett* v. *Pruitt*, 162 Tenn. 285, 36 S. W. (2d) 897.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.