STATE *ex rel.* BURKHART *v.* COLDWELL *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed December 8, 1947.

THOMAS S. MYERS, of Chattanooga, for plaintiffs in error.

WILKES T. THRASHER, of Chattanooga, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This *mandamus* proceeding was instituted in the circuit court of Hamilton County by the relator, Ralph Burkhart, against the defendants, W. C. Coldwell and S. R. Brammer, Beer Commissioners of Hamilton County, to compel them to issue a permit to relator to sell beer just outside the city limits of Chattanooga in Hamilton County. The circuit judge granted the relief sought, thereby setting aside the decision of the Beer Commissioners denying the permit.

It appears that the relator duly made application to the Beer Commissioners as provided by section 1191.14 of Williams' Code, and that the defendants, who are members of the Beer Board, took said application under advisement for a period of two weeks, after which time the Beer Board announced its decision and denied the permit. Relator then filed a petition to rehear, which was likewise denied.

No point is made in this proceeding that the relator was denied a formal hearing; but it does appear from the record that in the informal investigation made by the Beer Board it developed, principally through statements made by the Sheriff, that the relator and his wife are undesirable people, both having criminal records and

bad reputations in the community. The Sheriff also stated to the Beer Board that they were numerous law violations out in the section wherein it was sought to sell beer under the proposed permit and that he had extreme difficulty in enforcing the law in that section.

In *State ex rel. Cravens* v. *Delk*, 175 Tenn. 614, 136 S. W. (2d) 524, it was held that boards and commissions, such as the beer committee of a county court in issuing licenses, are vested with large discretion, and the courts will not review their action unless it clearly appears that they have acted arbitrarily or illegally. Michie's Tennessee Code, sec. 5735(15). Mr. Justice CHAMBLISS, speaking for the court, said at pages 617, 618 of 175 Tenn., at page 525 of 136 S. W. (2d):

"That the Beer Committee appointed by the County Court under the Act in question is vested with discretionary power was considered and settled by *Wright* v. *State*, 171 Tenn. 628, 630, 106 S. W. (2d) 866, 870, in which the Act here involved was fully considered. In that case it was said: 'Reasonable discretion is given under the act to the county court in the granting of license and the regulation to be exercised by the court is in the granting and withdrawal of licenses. A license to sell liquor is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful.' The last two lines above quoted answer the contention made by appellant that his constitutional rights have been invaded.

"Again, it was said in the *Wright Case*, 'The county court in issuing and revoking license must consider whether its use will cause congestion of traffic or interfere with schools, churches, or other places of public gathering, whether it will interfere with public health, safety,

and morals, or otherwise violate the beer statute; and in this broad field may exercise its sound discretion.' "

The above case was approved in *Henderson* v. *Grundy County Beer Committee,* 176 Tenn. 397, 141 S. W. (2d) 901.

■ Under the facts that the Beer Board had before it, we cannot say that it acted arbitrarily, illegally, or capriciously. In *State ex rel. Cravens* v. *Delk, supra,* it was held that the Beer Committee has wide discretion in the granting of permits. In fact under the statute it is provided that such beverages shall not be sold where they will interfere with public health, safety, and morals. The Beer Board was informed by the chief peace officer of the county that the reputations of the applicant and his wife are bad; also, that there was much lawlessness going on in the community in which it was sought to establish this beer place; and acting on this and other information received by the Beer Board, the permit was denied. See *State ex rel. Allen* v. *Beasley,* 182 Tenn. 519, 188 S. W. (2d) 332.

We think the circuit judge was in error in setting aside the finding of the Beer Board and that the Board was well within its discretionary powers as set out under the statute in denying the permit.

It results that the judgment of the lower court is reversed and the case dismissed.

All concur.