RULE *et al. v.* TOWN OF ETOWAH *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

B. B. GULLETT, of Nashville for appellants.

WILLIAMS & WILLIAMS and CHARLES C. GUINN, all of Etowah, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

The Town of Etowah adopted an ordinance forbidding the sale of beer in the town at any point within 5,000 feet of a church or school. Its effect is to prohibit the sale of beer within the corporate limits of Etowah, as those limits are at present established. Appellants filed their bill in Chancery for the purpose of procuring a decree declaring the ordinance unconstitutional. From the decree of the Chancellor sustaining a demurrer and dismissing the suit these complainants have appealed.

The statute authorizing the sale of beer under the circumstances therein specified is carried in the Code Supplement at Section 1191.1 to 1191.19. A privilege tax for state purposes only, and with the like power being withheld from the counties and cities, is levied by 1191.2. By Section 1191.15, providing for the distribution of this tax, $\frac{4}{17}$ thereof is allocated to "existing incorporated municipalities according to population".

Based upon the holding in *Henderson* v. *Grundy County Beer Committee*, 176 Tenn. 397, 401, 141 S. W. (2d) 901, that this beer statute is a revenue measure, appellants first contend that the ordinance is unconstitu-

tional in that it suspends the general law, to-wit, this revenue statute. It is next contended that in as much as the Town of Etowah shares in tax collections from the sale of beer its ordinance prohibiting the sale of beer there ought not to be upheld, since such conduct upon the part of Etowah is "unconscionable and inequitable."

With reference to the insistence last stated, every municipality in the State is entitled to share in that part of the tax allocated to municipalities without regard to whether beer is, or is not, sold in such municipality. Code Section 1191.15. Appellants should, therefore, address their complaint upon this phase of the matter to the legislature. Courts have nothing to do with it.

Turning now to the insistence that the ordinance is unconstitutional in that it suspends the general law, it will first be noted that *Henderson* v. *Grundy County Beer Committee,* supra, likewise held that the statute in question is a police measure, as well as a revenue measure. Since counsel seems to place some importance upon the revenue measure aspect of the matter, it is probably pertinent to call attention to its police measure aspect.

By that section of the beer statute carried at Code Section 1191.14 county courts are authorized to forbid the sale of beer at any point closer than 2,000 feet to a church or school. That same code section, after empowering municipalities to enact ordinances regulating the sale of beer, then further provides that such municipalities may "impose additional restrictions, fixing zones and territories * * * and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide." So it is, that the same statute which created the privilege tax in question and provided for a distribution of a portion thereof among the municipali-

ties of the State likewise authorized municipalities to impose such restrictions upon its sale as they may by ordinance provide. The fact is, then, that the ordinance in question was enacted pursuant to a general law applicable to all municipalities, rather than it being an ordinance, as contended by appellants, which suspends this general law.

The fact that the practical effect of the ordinance in question may be to entirely prohibit the sale of beer within the Town of Etowah does not change the legal aspect of the matter. "* * * since the business of selling beer is subject to unlimited restrictions, it cannot be said that such restrictions, even to the extent of a prohibition, are 'unreasonably oppressive,' 'discriminatory,' and violate any civil right of the complainants." *Grubb* v. *Mayor and Aldermen of Morristown*, 185 Tenn. 114, 120, 203 S. W. (2d) 593, 595.

The decree of the Chancellor sustaining the validity of this ordinance will be affirmed with costs adjudged against the appellants.