CANTRELL, J., and WILLIAM H. INMAN, Special Judge, concur.

**SPE, INC. and Elizabeth Ann Martin, Plaintiffs/Appellees,**

**v.**

**The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Mayor Bill Boner, and the Tennessee Alcoholic Beverage Commission, Defendants/Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 5, 1991.

Permission to Appeal Denied by Supreme Court Sept. 23, 1991.

Joel H. Moseley, R. Price Nimmo, Sharon Rupnik, Moseley & Moseley, Nashville, for plaintiffs/appellees.

James L. Charles, Deputy Director of Law, the Dept. of Law of the Metropolitan Government of Nashville and Davidson County, Nashville, for defendants/appellants.

## OPINION

CANTRELL, Judge.

The plaintiffs brought this lawsuit against the Metropolitan Government of Nashville and Davidson County, and Mayor Bill Boner, contesting the Mayor's denial of the plaintiffs' application for a Certificate of Compliance. The certificate is required by Tenn.Code Ann. § 57–3–208 as a condition precedent to the issuance of a retail liquor license. The Davidson County Chancery Court reversed the denial of plaintiffs' application on the grounds that the Mayor's decision was unreasonable, arbitrary

and capricious. Because we conclude that the evidence preponderates against the Chancellor's findings, we now reverse.

The plaintiff, Elizabeth Ann Martin, is the sole stockholder of SPE, Inc. On October 23, 1987, Ms. Martin's attorney made a written application by letter to the Executive Assistant to Mayor Boner for the issuance of a Certificate of Compliance. The letter named SPE, Inc. as the applicant. An administrative assistant to the Mayor later informed Ms. Martin's attorney that forms were available for the application. Thereafter, on November 4, 1987, a Corporate Application for Certificate of Compliance for Retail Package Store was filed on behalf of SPE, Inc. According to Ms. Martin's attorney, the administrative assistant informed him that the application form would relate back to the October 23 application by letter.

The statutory procedure for issuance of a Certificate of Compliance is governed by Tenn.Code Ann. § 57-3-208. The provisions relevant to this case are subsections (b)(1) and (e). Subsection (b)(1) provides that the certificate must state that the corporate officer in charge of the business has not been convicted of a felony within ten years of the date of application, and that in the Mayor's opinion the applicant will not violate the state laws regarding the sale of liquor. Subsection (e) provides that failure of the Mayor to grant or deny the certificate within sixty days of the application shall be deemed a granting of the certificate.

On December 29, 1987, Mayor Boner denied the application on two grounds: (1) Ms. Martin had previously been convicted of violating Metropolitan Code Section 5-1-23.2 concerning the sale of intoxicating beverages; and (2) he could not certify that Ms. Martin would not violate state laws regarding the sale of retail liquor. The conviction upon which the Mayor based his denial of the Certificate of Compliance is a Metropolitan warrant. Ms. Martin failed to appear in court to answer the charge of permitting intoxicating beverages in excess of 5% alcohol to be brought onto her premises. Due to Ms. Martin's failure to appear, her bond was forfeited and a finding of guilty was entered on the warrant for the misdemeanor charge. However, the warrant was not signed by the judge.

Ms. Martin and SPE, Inc. filed suit in the Davidson County Chancery Court to contest the Mayor's denial of the application. The Chancellor found that there was no valid judgment of conviction because the warrant was not signed by a judge. Therefore, the Court found the Mayor's decision, which was based solely on the conviction, was unreasonable, arbitrary and capricious and should be reversed. We disagree.

■ An arbitrary decision is one that is based alone on one's will and not upon any cause of reasoning or exercise of judgment. *State ex rel. Nixon v. McCanless*, 176 Tenn. 358, 141 S.W.2d 887 (1940). In determining whether an applicant will violate state laws regarding the sale of liquor, there is no single and absolute criterion or standard. The Mayor must judge whether the acts and conduct shown are sufficient in themselves or as an index to character to disqualify the applicant. 48 C.J.S. *Intoxicating Liquors* § 105 (1981).

■ It is well established that prior misconduct involving liquor is an accepted reason for refusing to certify that an applicant will not violate liquor laws in the future. *State ex rel. Allen v. Beasley*, 182 Tenn. 519, 188 S.W.2d 332 (1945); *State ex rel. Park v. Beasley*, 182 Tenn. 523, 188 S.W.2d 333 (1945); *State ex rel. Harris v. Beasley*, 182 Tenn. 529, 188 S.W.2d 336 (1945). But such misconduct need not result in a formal conviction to make it a valid consideration. The applicant's general reputation in the community may provide sufficient justification for the Mayor's conclusions. *State ex rel. Burkhart v. Coldwell*, 185 Tenn. 572, 206 S.W.2d 795 (1947); *Lones v. Blount County Beer Bd.*, 538 S.W.2d 386 (Tenn.1976). Thus, the validity of Ms. Martin's conviction is irrelevant. The Mayor was justified in relying on the conduct of Ms. Martin in response to the accusation as the basis for his decision, and his denial of the application was not unreasonable, arbitrary or capricious.

■ The plaintiffs also contend that since the applicant was SPE, Inc., any consideration of Ms. Martin's conduct is irrelevant as to whether the corporation will abide by the liquor laws. But this argument overlooks the legislative intent to regulate not only the business of selling liquor, but also the persons who will be operating and controlling those businesses. Such decisions must consider the character of the nominal applicant, as well as the moral character, history and anticipated conduct of any authorized agent who will be in actual charge of the business. *State ex rel. Harris v. Beasley,* 182 Tenn. 529, 188 S.W.2d 336 (1945).

The second issue to be addressed is whether SPE, Inc.'s application was denied within sixty days of its filing. The Mayor's failure to grant or deny the Certificate of Compliance within that time period is deemed a granting of the certificate. Tenn.Code Ann. § 57–3–208(e). The Chancellor found that the letter dated October 23, 1987 did not comply with the requirements of Metropolitan Code § 5–2–46, because the application was not presented on forms prepared and approved by the Mayor and it was not sworn to. The Court concluded that the sixty day statutory time period did not begin to run until November 4, 1987, the date the application was submitted in official form; thus, the Mayor's denial on December 29, 1987 was timely.

■ The plaintiffs' contention is twofold. First, they argue that the application procedure under Metropolitan Code § 5–2–46 is void. It is submitted that the ordinances were part of a statutory scheme adopted in 1945, which has been superseded by the state liquor control laws passed in 1949. Thus, the plaintiffs contend that the only valid requirement regarding the form of an application for a Certificate of Compliance is set forth in Tenn.Code Ann. § 57–3–208. That provision only requires that the application be written.

But a superseding state statute will not automatically invalidate an existing local ordinance on the same subject. In *Grubb*

*v. Mayor and Aldermen of Morristown,* 185 Tenn. 114, 203 S.W.2d 593 (1947), the principle of reconciling statutes and ordinances was applied so that the newly enacted state statute authorizing the sale of beer did not repeal a provision in the city charter authorizing the prohibition by ordinance of selling beer at retail. This principle has been described as:

> Statutes and ordinances are to be reconciled where possible and effect given to both. So long as a statute and ordinance on the same subject do not conflict, they will both stand or merely supplement each other. It is only in case of conflict between the public general law and an ordinance that the general law prevails over the ordinance.

6 McQuillin *Municipal Corporations* § 21.35 (1988).

We find no irreconcilable conflict between the Metropolitan Code and the Tennessee Code regarding the application process for a Certificate of Compliance.

■ The plaintiffs' second contention is that SPE, Inc. should not be held to the latter date of November 4, 1987, because the form insisted on by the Mayor's office was invalid. The plaintiffs argue that the form used, a "Corporate Application for Certificate of Compliance for Retail Package Store," was not prepared or approved by the Mayor as required by Metropolitan Code § 5–2–46, but rather was found in the files from a prior administration.

But we do not read that code section as requiring Mayor Boner to personally prepare the application form with his own hands. The preparation and approval of the form must simply come from the Mayor's office. This requirement has been met even though the preparation was done by a prior administration. Mayor Boner still approved the form by authorizing its use. Moreover, if we were to accept the plaintiffs' argument that the form used was invalid, then the logical conclusion would be that there was never a proper application on which the Mayor could grant a

Certificate of Compliance. This issue has no merit.

The decision of the Davidson County Chancery Court is reversed, and the cause is remanded for further proceedings consistent with this opinion. Costs of appeal are taxed to the appellees.

TODD, P.J., and KOCH, J., concur.