# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### December 10, 2001 Session

## BOYD'S CREEK ENTERPRISES, LLC, ET AL. v. SEVIER COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 00-6-254     Telford E. Forgety, Jr., Chancellor**

### FILED FEBRUARY 6, 2002

### No. E2001-01975-COA-R3-CV

These beer permit cases were consolidated for trial, with a common issue: whether the proposed sale location was located within 2000 feet of a "public gathering place," and if so, whether the restriction was waived, owing to a discriminatory practice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, J.J., joined.

L. Caesar Stair, III, and C. Scott Taylor, Knoxville, Tennessee, for the appellant, Weigel Stores, Inc.

G. Kenneth Gilleland, Sevierville, Tennessee, for the appellant, Boyd's Creek Enterprises LLC.

Jerry H. McCarter, Gatlinburg, Tennessee, for the appellees, Sevier County, Tennessee and Sevier County Beer Board.

### OPINION

### I.

As authorized by Tenn. Code Ann. § 57-5-105(b)(1) the Sevier County legislative body adopted a resolution forbidding the issuance of beer permits within 2000 feet of . . . "places of public gathering."

On April 13, 2000, the application of Boyd's Creek Enterprises, LLC (hereafter Boyd's Creek) was denied as being within 2000 feet of a school building.[1] On July 24, 2000, the application

---

[1] Apparently an error, since the evidence makes no reference to a school building. Both permits were denied
(continued...)

of Weigel's was denied as being within 2000 feet of a place of public gathering, described as a community park.

Writs of Certiorari were granted to review the denials of the permits, and the cases were consolidated by agreement. Cross Motions for Summary Judgment were filed. The Motion of the County was granted and the applicants appeal. Our review is *de novo* on the record with no presumption of correctness. *Griffin v. Shelter Mutual Ins. Co.*, 18 S.W.3d 195 (Tenn. 2000).

Whether the cases should not have been resolved on motion for summary judgment, i.e., whether there are disputed issues of material facts, is not presented as an issue for review.

The appellants present two issues:

(1)     Whether the trial court erred in finding that the Northview Optimist Community Park was not a "place of public gathering" within the meaning of Tenn. Code Ann. § 57-5-105 in August 1988.[2]

(2)     Whether the trial court erred in finding that the "single, inadvertent grant" of a beer permit to the Kodak Trading Company in violation of Sevier County's 2000-foot rule did not invalidate the 2000-foot rule.

## II.

In 1987 the Northview Optimist Club, Inc. acquired 24 acres on Highway 139 from Dumplin Valley Enterprises, Inc. The property was used from time to time by a youth soccer league. A stage and public restrooms were constructed on the property which had been used as early as 1985 for public events such as the Dumplin Valley Treaty Celebration, The Tennessee Homecoming Celebration and theater group performances. After the property was acquired by the Optimist Club, it became known as the Northview Optimist Community Park (Optimist Park) and was used for infrequent public activities and gatherings. The property has since been acquired by the County for purposes not revealed in the record.

## III.

The Chancellor found that the property, *in 1988*, was not a place of "public gathering," reasoning that it was privately owned, and that the term "place of public gathering" is confined to

---

[1](...continued)
because the proposed location was less than 2000 feet from the community park.

[2] We would be inclined to hold that the material evidence presented a contested issue of a material fact as to whether, in 1988, the "Park" was a place of public gathering. But the appellants do not raise this issue other than to request that the decision granting the Beer Board's Motion for Summary Judgment be reversed. However, in light of our ruling respecting the second issue, this point is not controlling.

"schools, churches, and places of public gathering such as these" *citing* **Wright v. State**, 106 S.W.2d 866 (Tenn. 1937), and **Nance v. Westside Hosp.**, 750 S.W.2d 740 (Tenn. 1988). Otherwise, a "place of public gathering" would encompass supermarkets, restaurants, service stations, discount stores, and a host of similar establishments. *See, Wright, supra.* Keeping in mind that the proof of whether the Optimist Park *was* a place of public gathering must necessarily be directed to 1988, we find no reason to disagree with the Chancellor's findings in light of our disposition of this case.

**IV.**

The second issue involves the question of waiver. In August 1988 the Beer Board issued a permit for the sale of beer to the Kodak Trading Company, which was less than 2000 feet from the Optimist Park.

There were no objections made to the issuance of the permit which has since remained extant. Upon application being made, members of the Beer Board investigated the proposed location and its proximity to a school, church, or other place of public gathering. They found no evidence or indicia of such a place, and issued the permit. Twelve years later, applicants argue that the issuance in 1988 of a permit invalidates the 2000 foot rule under the authority of **Reagor v. Dyer County**, 651 S.W.2d 700 (Tenn. 1983), and cases cited which hold that any discriminatory application invalidates the rule.

In **Rutherford County Beer Board v. Adams et al.**, 571 S.W.2d 830 (Tenn. 1978) permits were denied because the applicants premises were within 2000 feet of schools, churches, or other places of public gathering. Certiorari was granted and the Chancery Court ordered the permits to be issued because the "2000-foot" rule had been invalidated by the Beer Board since it had issued "several permits" in recent years for the sale of beer at establishments located less than 2000 feet of a church, school or other place of public gathering. The Supreme Court affirmed, holding that once the 2000-foot prohibition is adopted, it must be uniformly applied and any "discretionary application of it is invalid," citing **Serv-U-Mart, Inc. v. Sullivan County**, 527 S.W.2d 121 (Tenn. 1975) and other cases; particularly **Seay v. Knox County**, 541 S.W.2d 946 (Tenn. 1976) wherein proof that three establishments retained their licenses in violation of the rule supported a finding of *discriminatory enforcement*.

Appellants more or less concede that the County, in 1988, did not intend a discriminatory application, in light of its investigation and the uncertainty surrounding the precise nature of the Optimist Park, but argue that intent is of no consequence; that *one* inadvertently issued permit invalidated the rule. The Chancellor disagreed, as do we; the circumstances must be considered as to whether the issuance of the permit in 1988 constitutes a discriminatory application of the rule. The members of the Beer Board investigated the proposed location and found no evidence that it was located within 2000 feet of a place of public gathering. This fact weighs heavily against an indication of discriminatory application and thus the case at Bar stands in sharp contrast to **Reagor, Adams, Serv-U-Mart, Seay**, and other cases cited by the appellants.

The judgment is affirmed at the costs of the appellants.

-3-

_____

WILLIAM H. INMAN, SENIOR JUDGE